[No. 6,671—In Bank.]

## JOHN SCHUMACKER v. J. R. TOBERMAN.

ASSESSMENT — STREET IMPROVEMENTS — EMINENT DOMAIN — "To" — "BETWEEN"—DEFINITION.—The charter of Los Angeles (Stats. 1875-76, p. 709) provides that the damages incurred in extending a street shall be paid by the real estate fronting on either side of the extension, and of the original street, to a point to be fixed by the common council; and also by the real estate fronting on cross-streets, or streets forming a junction with such street improved, and within a hundred feet of the same. Under this provision, the council ordered an assessment for the extension of L. street to be made on the said street, "from A. street southerly to R. street"; but the assessment actually made included the property on the north line of R. street. Held, that the property on the north line of R. street was improperly included, and that this vitiated the whole assessment.

ID. — ID. — ID. — CONSTITUTIONAL LAW.— The Legislature cannot legalize a void assessment, nor can it, by direct act, make an assessment within an incorporated city. Held, accordingly, that the Act of March 23rd, 1878, "to authorize the issuance of bonds for the widening and extension of Los Angeles street," etc., was unconstitutional, because it not only attempts to give effect to the void assessment referred to above, but also provides for new assessments to be levied annually to meet the interest on the bonds, and for the creation of a sinking fund to pay the principal.

ID. — ID. — ID. — ID. — INJUNCTION — TAX PAYER.—Held, further, that an injunction should be granted at the suit of any tax payer to restrain the issue of the bonds.

ID.—ID.—ID.—ID.—ID.—ID.—Every tax payer in a municipality may properly commence a proceeding to enjoin the city council from doing an act which may result in an addition to the burdens of taxation.

ID.—ID.—ID.—It seems that a mortgagee is not a necessary party in proceedings for the condemnation of land for street improvement.

APPEAL from a judgment for the plaintiff, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The council of Los Angeles, under the provisions of the charter of that city (Stats. 1875-76, pp. 705, et seq.), determined to extend and widen Los Angeles street, and ordered proceedings for condemnation, which were regularly had, unless the

omission to make Michael Reese—a mortgagee of a part of the land condemned—a party was an irregularity.

The damages having been ascertained, the council ordered an assessment to pay the same to be made "on Alameda street, one hundred feet each way from its intersection with Los Angeles street; and on Los Angeles street (and intervening cross-streets) from Alameda street southerly to Requena street." On January 10th, 1878, an assessment was returned and adopted by the council, which included the property on the north line of Requena street; and this was entered by the clerk on the "Docket of City Liens." But afterwards, January 17th 1878, the council ordered the surveyor to correct the assessment, by striking out the assessment of the property on Requena street, and increasing the other assessments proportionally; and the correction was accordingly made by the survey on the assessment roll, and on the Docket of City Liens.

*John L. Godfrey*, and *Glassell, Smith & Smith*, and *Howard, Brousseau & Howard*, for Appellant.

Michael Reese was not a necessary party to the condemnation proceedings. (*Parish* v. *Gilmanton*, 11 N. H. 293; *Cool* v. *Crommet*, 13 Me. 250; *Sac. Val. R. R. Co.* v. *Moffatt*, 7 Cal. 577; *Hidden* v. *Davisson*, 51 id. 138.) The improper assessment of the property on Requena street did not have the effect to *increase* the burden on the other parties assessed, and therefore the case does not come within the rule of *The People* v. *Lynch*, 51 Cal. 15.

*Bicknell & White*, and *Thom & Stephens*, for Respondent.

The failure of the city to make Michael Reese a party to the condemnation proceedings rendered them void. (*Cruger* v. *Hudson R. R. Co.* 12 N. Y. 190; *Curran* v. *Shattuck*, 24 Cal. 433; *Holland* v. *Burris*, 28 Ark. 171; *Christie* v. *Herrick*, 1 Barb. Ch. 254–260; *Fellows* v. *Fellows*, 4 Cowen, 682; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; Bliss on Code Plead. § 96.) The act authorizing the issue of bonds is void. (*People* v. *Lynch*, 51 Cal. 15.)

McKinstry, J.:

Section 8 of article vi of "An act to revise an act entitled an act to amend the charter of the city of Los Angeles," etc. (Stats. of 1875–76, p. 709), provides, that damages incurred in extending a street shall be paid by the real estate fronting either side of the extension, and of the original street, from the commencement of the extension to a point on the original street to be fixed by the common council. The section closes: " Provided, that, in all cases mentioned in this section, the real estate fronting a *cross-street*, or street fronting [forming?] a junction with such *street improved*, and within one hundred feet of such street proposed or improved, shall also be assessed according to the frontage on such cross-street, or street forming the junction as aforesaid."

In the case before us, the point fixed by the council in the original street is the north line of *Requena street*. I agree with the city council, that there was no authority for assessing the property fronting on the north line of *Requena street*. Requena street cannot properly be said to *cross* or *front* upon *Los Angeles street* between the termini of the lines of property declared to be benefited by the extension. The language of the proviso does not contemplate the assessment of *any* street upon *one side* alone. The first assessment was therefore void. It will not do to say that plaintiff's assessment is *less*, if too much property has been assessed. The power of *assessment* can only be employed upon the theory of benefit received by the party assessed. It may be admitted, that the Legislature may empower the city to determine that a particular result will be a public benefit, and that such determination is conclusive; but it is certain that no assessment can be valid, unless that which the political power has declared to be a public benefit is secured to the public, and to those who are taxed for it upon the supposition that it will be of peculiar benefit to them. The assessment, without doubt, is invalid, in so far as it is an attempt to affect property which cannot legally be made subject to it. It is capable of mathematical demonstration, that if the one hundred feet on Requena street cannot be made to pay the sum assessed upon them, sufficient money will not be raised to pay

for the property sought to be condemned, and such property cannot be taken for the street.

The Act of 1878, which is the sole authority for issuing the bonds, the issuing of which is sought to be enjoined, adopts the assessment which was entered of record January 12th, 1878, which assessment is, in my opinion, *void*. It provides for the issuing of bonds, bearing interest, to be redeemed by assessments upon all the property included in such *void assessment*. The Legislature cannot legalize a void assessment, nor can the Legislature, by direct act, make an assessment within an incorporated city. (*Taylor* v. *Palmer*, 31 Cal. 240; *People* v. *Lynch*, 51 id. 15.)

The Act of 1878 not only attempted to give certain effects to the void assessment, but also provided for *new assessments*, to be levied annually to meet the interest upon the bonds, and for the creation of a sinking fund to pay the principal.

The Act of 1878 does not require that the bonds shall refer to the statute under which they are issued. By several other statutes, the city of Los Angeles has been authorized to issue bonds. I am not prepared to say, that bonds issued under the Act of 1878 may not pass into the hands of innocent persons, or that the purchaser, knowing that bonds have been legally issued, is bound to inquire and know that the particular bond offered for sale to him was in fact issued under an unconstitutional law.

I am inclined to the belief, that the assessment of January 17th, 1878, was a valid assessment. Assuming it to be valid, it may be said, that plaintiff may, by paying it, avoid any evil consequences to him from the bonds issued under the Act of 1878. But the plaintiff is an owner of real estate, and a tax-payer. The city of Los Angeles must, if the law of 1878 is valid, pay the full amount of the bonds—principal and interest. If the assessment of January 17th is valid, and (as to plaintiff's property) is *paid*, that property is relieved from the lien of the assessment. But the statute does not authorize the collection from the rest of the property within the district, of the difference between the sum paid by plaintiff and the amount to be collected from his property, for the payment of the bonds, principal and interest, according to the law of 1878. This dif-

ference must be collected by taxation of the property owners of the city, of whom plaintiff is one. Every tax payer is interested, and may properly commence a proceeding to enjoin the city council from doing an act which may result in an addition to the burdens of taxation.

Judgment affirmed.

McKee, J., Thornton, J., and Sharpstein, J., concurred.

[Mr. Justice Ross, being disqualified, took no part in the decision of this case.]

Myrick, J., concurring:

I concur in the judgment of affirmance. I am of opinion, that Michael Reese, being a mortgagee, was not a necessary party. I am of opinion, that the assessment, as corrected under the order of the common council so as to conform to its previous direction, was valid. But I am of opinion, that the common council had not the legal right to authorize the issuance of the bonds. The aggregate amount of damages awarded for property taken for the proposed extension is $52,037. That is the sum of the burden to be borne by the owners of the property within the prescribed district. The Act of March 23rd, 1878, authorizes the issuance and sale of bonds to such amount that the sale thereof, at prices not less than eighty per cent. of the par value, will yield sufficient to pay the damages awarded; and for the payment of the full amount of bonds and interest, taxes upon the property within the district are to be levied and collected.

It will thus be seen, that eighty per cent. only of the amount of the bonds may be paid to the owners of the property taken; the other twenty per cent. is to go to whoever may purchase the bonds, as a bonus. I do not think that the property of one man can be taken to pay a bonus to another. The payment of interest on the bonds is quite different from the payment of a sum for which nothing is received. In this case, it was decided by the officers assessing the amount of damages that $52,037 was the amount to be raised from the property to be benefited by the street extension. There has been no ascertain-

ment that the property will be benefited to the amount of the twenty per cent. bonus. The common council directed bonds to issue to the amount of $70,000. The lowest price authorized by the act being eighty cents on the dollar, the yield would be $56,000, which is nearly $4,000 in excess of the damages ascertained; and that excess, added to the $14,000 possible bonus, would give a liability on the property to be benefited of nearly $18,000 above the damages.

Being of the opinion that the issuance of the bonds would be illegal, the injunction was properly granted.