[No. 15361.   Department Two.—June 13, 1894.]

## J. J. DOWLING, RESPONDENT, *v.* MICHAEL CONNIFF, APPELLANT.

STREET IMPROVEMENT—ERROR IN AMOUNT OF ASSESSMENT—FAILURE TO APPEAL TO SUPERVISORS—WAIVER.—Where a lot is lawfully assessed for work done on a street crossing, the mistake of the superintendent of streets in assessing it for a sum exceeding its proper proportion is merely an error in the exercise of unquestionable power, which error might have been corrected by an appeal to the board of supervisors; and the failure to take such appeal operated as a waiver of the error.

ID.—PRIMA FACIE EVIDENCE OF REGULARITY—CONSTITUTIONAL LAW.— The statute providing that the warrant, assessment, and diagram shall be held *prima facie* evidence of the regularity of the correctness of the assessment, and like evidence of the right of plaintiff to recover in the action, is not in violation of the constitution, and the plaintiff in an action upon an assessment for a street improvement may properly recover on such *prima facie* evidence, where the defendant introduces no evidence whatever.

ID.—EFFECT OF APPEAL TO SUPERVISORS, WHEN NOT INVOLVED.—In a case where there was no appeal in fact to the board of supervisors, the question as to whether under the constitution, in case of an appeal to the board of supervisors, the judgment of the board is final and conclusive, is not involved.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Horace W. Philbrook*, for Appellant.

*Parker & Eells*, for Respondent.

VANCLIEF, C.—Action to enforce payment of an assessment for work done on a crossing of two main streets (Tenth and Harrison) in the city of San Fran-

cisco. The work to be done, and which was done by plaintiff, was described in the resolution of intention as follows:

"That the roadway of the crossing of Tenth and Harrison streets be paved with basalt blocks (except that portion required by law to be kept in order by the railroad company having tracks thereon) and that granite cross-walks be laid thereon."

The plaintiff on the trial offered as evidence his warrant, the diagram of the lots assessed, and his affidavit of demand and nonpayment, all in due form; whereupon the defendant objected to the diagram, assessment and the warrant, on the ground that the assessment is void, because it appears thereby that the work was done on a crossing of main streets, and that defendant was not only assessed for that portion of his lot which fronts (45 feet) on Tenth street, but was also assessed for eighty feet of the same lot fronting on Sheridan street, which is a small subdivision street in the quarter block northeast from said crossing of main streets and terminating in Tenth street; whereas, it is claimed, defendant was liable to be assessed for only the frontage of his lot (45 feet) on Tenth street. The following portion of the diagram, on which defendant's lot is numbered "45," will sufficiently illustrate the grounds of the objection:

The court overruled the objection, and defendant

excepted.    After reading these documents the plaintiff rested, and the defendant offered no evidence.

The judgment was in favor of plaintiff, enforcing his lien for forty-nine dollars and thirty cents, with interest and costs.    From this judgment, and from an order denying his motion for a new trial, the defendant appeals.

1. It is not distinctly claimed here, however, that the court erred in admitting these documents in evidence, but it is contended by appellant that, being admitted, their effect as evidence was to show that the attempted assessment was entirely void, for the reasons above stated as grounds of objection to the evidence.

While I think it must be admitted that defendant's lot was assessable for work done on the crossing of main streets only in proportion to its frontage on such main streets, within one of the quarter blocks cornering on the crossing (Act of March 14, 1889, section 5, subdivision 3, Statutes 1889, 163), and that the assessment of it for a greater proportion was error, I do not think the assessment in question was void.    It appears that, in making the assessment in this case, Sheridan street (thirty-five feet in width) was regarded as a lot fronting on Tenth street; that its frontage (thirty-five feet) on Tenth street was distributed among, and assessed to, all the lots fronting on Sheridan street, in proportion to their frontage thereon; and, as defendant's lot had a frontage of eighty feet on Sheridan street, six dollars and fifty cents was added to the assessment thereon on this account.    It seems that this mode of apportioning the assessment was supposed to be required by the " seventh subdivision" of section 5 of the act above cited; but this, I have no doubt, was a mistake, which added to the assessment on defendant's lot about five dollars and sixty cents more than its proper proportion of the whole assessment.    Yet, since defendant's lot had a frontage of forty-five feet on Tenth street within a quarter block cornering on the crossing improved, it was lawfully assessable for the work on that crossing;

and, inasmuch as an assessment of it for such work was fully authorized, the mistake of the superintendent of streets in assessing it for a sum exceeding its proper proportion was merely an error in the exercise of unquestionable power, which error might have been corrected by an appeal to the board of supervisors; and the failure to take such appeal operated as a waiver of the error. (Act of March 18, 1885, sec. 11; Stat. 1885, p. 147; *Himmelmann* v. *Hoadley,* 44 Cal. 276; *Frick* v. *Morford,* 87 Cal. 576; *McDonald* v. *Conniff,* 99 Cal. 386; *Perine* v. *Erzgraber,* 102 Cal. 234.)

2. Appellant further contends that section 8 of the amendatory act of March 14, 1889, Statutes of 1889, page 138, providing that the warrant, assessment, etc., " shall be held *prima facie* evidence of the regularity and correctness of the assessment, . . . . and like evidence of the right of plaintiff to recover in the action," is in violation of section 24 of article IV of the constitution. But this point is fully answered in the cases of *McDonald* v. *Conniff,* 99 Cal. 386, and *Perine* v. *Erzgraber,* 102 Cal. 234. The plaintiff properly recovered on such *prima facie* evidence, as the defendant introduced no evidence whatever.

3. The constitutional question raised by appellant in his reply brief, as to whether or not, in case of an appeal to the board of supervisors, the judgment of the board is final, is not involved, since there was no such appeal in this case.

I think the judgment and order should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.

Hearing in Bank denied.