[No. 15793. Department One.—March 11, 1895.]

## C. A. WARREN ET AL., RESPONDENTS, v. THOMAS A. RIDDELL ET AL., APPELLANTS.

STREET ASSESSMENT—FORECLOSURE—DEFENSE—NONPERFORMANCE OF CONTRACT—OFFICIAL GRADE—APPEAL TO SUPERVISORS.—One whose property is charged with the lien of a street assessment cannot defend against an action to foreclose the lien, upon the ground that the contract required grading to be done to the official line and grade, and that it was not so performed, but that the street was graded to a line that had been proposed for a change of the official grade, where it appears that the superintendent of streets approved and accepted the work, and that no appeal was taken to the board of supervisors.

ID.—VALIDITY OF CONTRACT—ASSUMPTION OF CHANGE OF GRADE.—The validity of a contract to grade a street to the official grade is not affected, nor the contract varied by reason of the fact that the contractor assumed a different line for the official grade from that which was in fact the official grade, or that the board of supervisors or superintendent of streets acted upon the assumption that the official grade had been changed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Mullany, Grant & Cushing,* for Appellant.

*J. C. Bates,* for Respondent.

HARRISON, J.—Action to foreclose the lien of a street assessment in San Francisco.

The resolution of intention for the work for which the assessment was issued, as well as all the subsequent proceedings taken by the board of supervisors, provided for the grading of Santa Clara street, between Kansas and Utah streets, "to the official line and grade"; and the contract entered into by the plaintiffs with the superintendent of streets specified that the street was to be graded "to the official grade and line." The grade of Santa Clara street had been officially established, and a few months prior to the inception of the present work the board of supervisors had attempted to change this

grade, but their action proved abortive, by reason of not having acquired jurisdiction to pass the order for the change. The plaintiffs did not grade the street to the official grade, but graded it to the line that had been proposed for a change of the official grade, and this is made the ground of the defense to the present action. The court finds, however, that the plaintiffs performed all the terms and conditions of the contract to be performed on their part under the direction and to the satisfaction of the superintendent of streets, and that the work was approved and accepted by him prior to the issuance of the assessment.

If the defendants would claim that the work required by the contract had not been fully performed, and that the act of the superintendent of streets in approving and accepting the work was erroneous, they were required by section 11 of the Street Improvement Act to appeal to the board of supervisors, and upon such appeal the error could have been remedied. The objection to the work which is here presented is one which is eminently within the functions of the board of supervisors to remedy under the provisions of this section, and unless such appeal is first taken the owner is precluded from raising the objection in an action to enforce the assessment. Whether, if an appeal had been taken and the board of supervisors had refused to direct the plaintiffs to complete the work according to the terms of their contract, the owner would be precluded from making this defense to an action upon the assessment, does not arise in the present case. The statute requires that he shall first seek relief from that body, and we cannot assume that if such appeal had been taken the board of supervisors would have disregarded the appeal, or that the plaintiffs would not have performed their contract according to its terms. The appeal in cases where the decision of the city council is not conclusive upon the owner is to be regarded in the nature of a condition precedent to the right to maintain the defense upon the grounds for which the appeal is

authorized. In *Fanning* v. *Leviston,* 93 Cal. 186, it was claimed that the street had been graded to some distance below the line of the official grade, with the effect of greatly increasing the amount of the assessment, but it was held that the correction of such error, if it existed, should have been sought by an appeal to the board of supervisors.

The court also found: " That in the resolution of intention referred to in the plaintiffs' complaint, and in all proceedings subsequent thereto had in relation to the grading of said street, the board of supervisors and the superintendent of streets and the plaintiffs acted upon the assumption that the grade was changed by the pretended resolution of October 12, 1891 "; and it is contended by the defendants that this finding is equivalent to a finding that the resolution of intention was for grading the street to a grade different from the official grade, and that, as the board of supervisors had no jurisdiction to authorize a street to be graded to any other grade than the official grade, its acts were without authority, and the contract of the plaintiffs could not be the basis of any assessment. We cannot assent to this view. The contract, as well as the resolution of intention, is clear and unambiguous in its terms. There is but one official grade for a street, and that is specifically defined in the records of the board of supervisors. The plaintiffs by their contract agreed to grade the street to the line of this official grade. This contract was not varied by reason of the fact that the plaintiffs " assumed " a different line as the official grade from that which was, in fact, the official grade, or that the board of supervisors or superintendent of streets " acted upon the assumption" that the official grade had been changed. Whether this " assumption" was based upon an erroneous construction of the proceedings taken for the change of the grade, or resulted from ignorance caused either by a reliance upon the statement of another or by a failure to make an examination of the proceedings, is immaterial. As between the city and the plaintiffs, the

contract of the latter bound them to grade the street to the official grade, and in any attempt to enforce this contract it would be no defense for them to say that their understanding of the contract was different from the plain import of its terms.   Neither is it to be assumed, after the work has been completed and accepted without any objection on the part of the defendants, that, if they had made this objection upon an appeal to the supervisors, the plaintiffs would have made such contention, or that they would not have completed their contract according to its terms.

The other objections to the proceedings require no special consideration.

The judgment is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.