[S. F. No. 246.   Department Two.—September 16, 1896.]

JOSEPH WELLS, Respondent, v. JOSEPH M. WOOD, Appellant.

Street Improvements—Description of Work—Grading—Macadamizing.—Where a street has been previously graded and macadamized, a subsequent resolution of intention for its improvement which describes the proposed work as "grading" and "macadamizing" instead of "regrading" and "remacadamizing," is sufficient.

Id.—Assessment—Appeal to Supervisors.—Where a lot which is properly assessable for a street improvement is assessed for more than its lawful proportion, the remedy of the owner is by appeal to the board of supervisors. If he fails to do so, the error is waived.

Id.—Recording Contract.—The failure of the superintendent of streets to record the contract at the proper time, does not affect the rights of the contractor.

Appeal from a judgment of the City and County of San Francisco and from an order refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

J. M. Wood, in pro. per., for Appellant.

E. C. Knapp, and W. H. Chapman, for Respondent.

Vanclief, C.—Action to enforce lien of street assessment in the sum of one hundred and one dollars and forty-six cents for labor and material performed and furnished by plaintiff's assignor under contract with the superintendent of streets in improving Mission street, in the city of San Francisco, from Courtland avenue to West avenue. The judgment was in favor of the plain-

tiff for the sum demanded, and defendant appeals from the judgment and from an order denying his motion for a new trial.

1. On the trial defendant proved that the portion of Mission street to which said contract related had been graded, curbed, and macadamized to official grade in March, 1877, about fourteen years prior to the letting of the contract in question; and also proved that in 1888, by order of the board of supervisors, that part of Mission street involved in this action had been widened by adding sixteen and a-half feet to the eastern side thereof. On June 1, 1891, the board of supervisors passed a resolution of intention to order the improvement in question, describing it as follows: "That Mission street, from Courtland avenue to West avenue, be graded to the official line and grade, that redwood curbs and rock gutterways be laid thereon, and that the roadway and sidewalks thereof be macadamized." In all the subsequent proceedings, including the contract, the improvement was described as in the resolution of intention, except that certain specifications, in accordance with general orders of the board, were added to the contract.

The principal ground upon which appellant claims a reversal of the judgment is that the improvements were not properly nor sufficiently described in the resolution of intention nor in the subsequent proceedings; that while the work done on the addition of sixteen and one-half feet to the east side of the street may have been grading and macadamizing, that done on the old part of the street was regrading and remacadamizing, and should have been so denominated.

Waiving other possible answers to this objection, I think the description of the proposed work was sufficient. The substantial nature of the work of grading and that of regrading is the same, namely, *grading*. The latter is only a repetition of the former. The statute requires only a description of the work; that is to say, an intelligible description sufficient to notify owners of lots

fronting on the proposed improvement of the nature and extent of the work of which the improvement is to consist. It would add nothing material to such notice to inform the lotowners that work of the same kind, in the same place, had been done ten or fifteen years before, since they are bound to pay for a repetition of the work whenever, in the discretion of the board of supervisors, such repetition is deemed necessary. (*McVerry* v. *Boyd,* 89 Cal. 304.) The facts that the street had been graded and macadamized fifteen years before the proposed repetition of such grading and macadamizing constituted no defense to this action, even if they had been pleaded as such; nor, as evidence, did they tend to rebut the *prima facie* case of plaintiff, as proved by the assessment, warrant, diagram, etc.

2. It is contended that the amount of the whole assessment was not equally distributed to the lots fronting on the improvement, and that defendant's lot was assessed for more than its proper proportion.

Defendant's lot fronted on the improvement and was lawfully assessable. If it was assessed for more than its lawful proportion, the defendant waived the error by failing to appeal to the board of supervisors, and the error cannot be corrected on this appeal. (*Perine* v. *Forbush,* 97 Cal. 305; *McDonald* v. *Conniff,* 99 Cal. 386; *Dowling* v. *Conniff,* 103 Cal. 75; *Warren* v. *Riddell,* 106 Cal. 352.)

3. The point that the superintendent of streets failed to record the entire contract at the proper time, even if conceded, is of no consequence affecting any right of the contractor. (*Diggins* v. *Hartshorne,* 108 Cal. 154; *McVerry* v. *Boyd, supra.*) But the record furnishes no ground for this point, since due recordation of the contract is alleged in the complaint and is not denied in the answer.

I think the judgment and order should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

CXIII. CAL.—17

For the reasons given in the foregoing opinion the judgment and order are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.