[S. F. No. 1936.   Department One. — October 26, 1901.]

## J. H. BELSER, Respondent, v. JOHN ALLMAN, Appellant.

ACTION UPON STREET-ASSESSMENT — SUFFICIENCY OF COMPLAINT — GENERAL DEMURRER — GROUNDS OF SPECIAL DEMURRER — OBJECTION UPON APPEAL. — In an action upon a street-assessment, where the complaint states a cause of action sufficient to support the judgment, a general demurrer thereto was properly overruled; and grounds of special demurrer not urged in the trial court, relating to the manner in which the facts are stated, cannot be urged upon appeal from the judgment.

ID. — PRIMA FACIE CASE — BURDEN OF PROOF. — Under a complaint sufficient to sustain a judgment for the enforcement of the lien of the assessment, a *prima facie* case for a recovery by the plaintiff is made by the production, at the trial, of the assessment, with the documents connected therewith, and of the affidavit of demand and non-payment; and the burden is upon the defendant to allege and affirmatively prove any error, defect, or irregularity that may have supervened in the proceedings subsequent to the ordering of the work.

ID. — DESCRIPTION OF WORK — CONSTITUTIONALITY OF LAW — CASES AFFIRMED. — Held, upon the authority of *Haughawout* v. *Hubbard,* 131 Cal. 675, that the work contracted for in this case, and for which the assessment was made, was sufficiently described in the resolution of intention, and, upon the authority of *Hadley* v. *Dague,* 130 Cal. 207, that the Street-improvement Act is constitutional and valid.

ID. — NOTICE FOR SEALED PROPOSALS — FIXING OF TIME BY CLERK — ABSENCE OF ORDER OF COUNCIL — PRESUMPTIONS. — The fact that the clerk fixed the time in the notice calling for sealed proposals, which was posted and published, and that the city council made no order fixing such time, does not vitiate the notice, conceding it to be unauthorized, where it does not appear that the limitation so fixed prevented any one from presenting a proposal. Such prevention is not to be presumed; and if the limitation made by the clerk was unauthorized, all persons must be assumed to have known that fact.

ID. — FICTITIOUS NAMES — DISMISSAL — FINDING — FAILURE TO AMEND COMPLAINT. — Where the action was dismissed as to defendants sued by fictitious names, and the court found that the appellant was at all times the owner of the land, the appellant is not prejudiced by the failure of the plaintiff to file a formal amendment of the complaint striking out the fictitious names.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The following is the portion of the resolution of intention specifically objected to by the appellant as giving too much delegation of power to the street superintendent, in the description of the work: "Under so much of said sewer as is to be constructed of brick and concrete *wherever* the natural foundation is *soft, spongy,* or *springy,* such natural foundation shall be removed *down to a* FIRM *and* SOLID NATURAL *foundation,* and instead of the removed material there shall be placed and constructed a *firm and durable* foundation of *broken rock* and *concrete* so as to *permanently* support and carry said sewer and sewer-construction without *sinking, cracking,* or *injury* thereto." The emphatic words are given as emphasized in appellant's brief. Further facts are stated in the opinion of the court.

R. M. F. Soto, for Appellant.

J. C. Bates, for Respondent.

HARRISON, J.—Action upon a street-assessment.

The defendant filed a general demurrer to the complaint, which was overruled, and he thereupon answered. Trial was had by the court, and judgment rendered in favor of the plaintiff. The defendant has appealed directly from the judgment, bringing the appeal here upon the judgment roll, without any bill of exceptions.

The complaint states a cause of action sufficient to support the judgment against the defendant. The objections thereto urged by him relate to the manner in which the facts are stated, and should have been pointed out by special demurrer. (*Hughes* v. *Alsip,* 112 Cal. 587.) Instead thereof, when the demurrer came on for argument, there was no appearance in its support, and the court very properly overruled it.

Under the authority of *Haughawout* v. *Hubbard,* 131 Cal. 675, it must be held that the work contracted for, and for which the assessment was made, is sufficiently described in the resolution of intention. The constitutionality of the Street-improvement Act was affirmed in *Hadley* v. *Dague,* 130 Cal. 207. (See also *Frenah* v. *Barber Asphalt Paving Co.,* 181 U. S. 324.)

It may be regarded as a settled rule of practice, under the decisions of this court, that, if a cause of action for the enforcement of the lien of a street-assessment is sufficiently stated in

the complaint, the production, at the trial, of the assessment, with the documents connected therewith, and the affidavit of demand and non-payment, is, in the language of the statute itself, "*prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based," and, in the absence of any other evidence, gives to the plaintiff a right of recovery. (*California Improvement Co.* v. *Reynolds*, 123 Cal. 88; *Hadley* v. *Dague*, 130 Cal. 207.) If, notwithstanding such complaint, the defendant would rely upon any error, defect, or irregularity that may have supervened in the proceedings subsequent to the ordering of the work, the burden is upon him, not only to allege such defect, but also to show the same by affirmative evidence.

Section 5 of the Street-improvement Act provides: "Before the awarding of any contract by the city council for doing any work authorized by this act, the city council shall cause notice, with specifications, to be posted conspicuously for five days on or near the council chamber door of said council, inviting sealed proposals or bids for doing the work ordered, and shall also cause notice of said work, inviting sealed proposals, and referring to the specifications posted or on file, to be published for two days in a daily, semi-weekly, or weekly newspaper published and circulated in said city, designated by the council for that purpose." An allegation of facts showing a compliance with this requirement is contained in the complaint herein, and this averment is denied in the answer. The court finds that the allegation of the complaint is true as thus alleged, and also sets forth at length in its finding the order of the council directing the clerk to post the notice. In the notice posted by him, the clerk stated "that such sealed proposals would be received until the tenth day of September, 1890, at 5 o'clock, P. M." It is urged by the appellant that it was the duty of the city council to fix the time within which the proposals should be presented, and that as that body did not fix a date therefor, the clerk was not authorized to do so, and that for this reason there was no proper notice inviting proposals to do the work. The statute does not itself direct the council to fix the time within which proposals may be presented, but declares that "it shall cause notice" to be posted for five days,

CXXXIV. Cal.—26

inviting said proposals, and shall also cause notice thereof— i. e., of the posting of said notice—to be published for two days. Neither the form of the notice nor the person by whom it is to be given is prescribed in the statute, but it is declared therein that "said proposals or bids shall be delivered to the clerk of the said city council, and said council shall in open session examine and publicly declare the same." So far as our observation has extended, it has always been the custom of the council to direct notice to be given by the clerk, and for that officer to fix the date for the presentation of proposals. If it should be conceded, however, that his act in this respect was without authority, it would not follow that the notice was thereby vitiated. The unauthorized portion of the notice would be disregarded, and the notice which was authorized by the city council be alone considered. Whether a proposal delivered to the clerk after the date limited in the notice could be disregarded by the council, is a question which does not arise in the present case. It is not to be presumed, in the absence of any showing therefor, that the limitation of time in the notice prevented any one from presenting a proposal, inasmuch as if such limitation of time was unauthorized, all persons must be assumed to have known this fact.

The failure to amend the complaint by striking therefrom the names of the fictitious persons cannot in any respect prejudice the appellant. The recital in the judgment that the defendants sued by fictitious names were dismissed from the action, together with the finding of the court that the appellant was at all times "the owner" of the lot of land described in the complaint, sufficiently protect all rights of the appellant without a formal amendment of the complaint in this particular.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.