[Civ. No. 115. First Appellate District.—December 30, 1905.]

## J. C. BATES, Jr., Appellant, v. W. R. HADAMSON et al., Respondents.

STREET ASSESSMENT—ERROR IN AMOUNT—UNIFORM RATE—FAILURE TO APPEAL TO COUNCIL.—If the superintendent of streets has assessed a lot for a greater amount than it should have been assessed, and the assessment was made at a uniform rate per front foot, the excess does not show the invalidity of the assessment upon its face, and was an error to be corrected upon appeal to the city council; and upon a failure to take such appeal, the owners cannot complain of the error in an action to foreclose the lien of the assessment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, and D. H. Whittemore, for Appellant.

Bradley & McKinstry, and Campbell, Metson & Campbell, for Respondents.

COOPER, J.—This action was brought to obtain a judgment and decree of lien upon the lot of defendants for

$1,038.34, besides interest and attorneys' fees, being the amount claimed to be due from defendants as an assessment upon their lot for grading Seventeenth street between Stanyan and Ashbury streets, in the city of San Francisco. The court granted a nonsuit, and judgment was entered in favor of defendants, from which plaintiff appeals on the judgment-roll and a bill of exceptions. Upon the trial the plaintiff offered in evidence the assessment, warrant, and diagram, with affidavit of demand and nonpayment, together with the certificate of the city engineer. The defendant objected to these documents, and to each of them, upon the grounds that the assessment was not made as provided by subdivision 10 of section 7 of the Vrooman act (Stats. 1885, p. 153, c. 153), that the assessment, while correctly stating the number of cubic yards credit to which the property owners are entitled who have performed work under private contract, does not correctly state the cash credit to which the property owners against whom assessments were made are entitled.. The court sustained the objection to these documents, and thus ruled out the evidence on which plaintiff relied to prove this case. This ruling presents the material question upon this appeal.

The assessment and diagram show that the total number of cubic yards of grading on Seventeenth street, between Stanyan and Ashbury streets, was 63,773, the expense of which was assessable on the lots fronting on said designated portion of said street, being lots 1 to 11, inclusive, as shown on the diagram. The total number of front feet of all the lots was 2,872 feet 5 inches. The owners of lots 5 and 8, having 2,323 feet 4 inches frontage, performed all the grading in front of said lots, which amounted to 51,647 cubic yards, which was 10,058 cubic yards more than the amount of the assessment on said lots would have been, and they were accordingly credited with the full amount of the assessment against said lots. The assessor credited the excess of 10,058 cubic yards on the whole sum of 63,773 cubic yards. Defendants claim that the excess should have been credited on the remaining 12,126 cubic yards, and that the cost of the remaining grading was all that was assessable against the owners of the lots other than lots 5 and 8. If defendants' position is correct, it is evident that in all cases where owners have graded the street in front of their premises in excess of the assessment

for grading upon their lots, under subdivision 10 of section 7 of the Vrooman act (Stats. 1885, p. 153, c. 153), there would have to be a second and different assessment against the remaining lots. Under the view we take of this case it is not necessary to decide this question. If the superintendent of streets assessed the lot of defendants more than it should have been assessed for, it was an error in the assessment. The assessment made by him gave the numbers and frontage of each lot fronting on the portion of the street to be improved. The assessment was at a uniform rate per front foot: It fixed the amount of the assessment against each lot at such uniform rate. It is provided in section 11 of said Vrooman act that any owner, "having or making any objection to the correctness or legality of the assessment or other act, determination or proceedings of the superintendent of streets, shall, within thirty days after the date of the warrant, appeal to the city council, as provided in this section, by briefly stating their objections in writing and filing the same with the clerk of said city council. . . . Upon such appeal the said city council may remedy and correct any error or informality in the proceedings, . . . alter, modify, or correct the assessment in such manner as to them shall seem just; . . . and may instruct and direct the superintendent of streets to correct the warrant, assessment, or diagram in any particular, or to make and issue a new warrant, assessment, and diagram. . . . All the decisions and determinations of said city council, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities and irregularities which said city council might have remedied and avoided; and no assessment shall be held invalid upon appeal to the city council, as provided in this section, for any error, informality or other defect in any of the proceedings prior to the assessment, or in the assessment itself."

The above section gave defendants a tribunal to which they had the right to apply for relief. They had only to briefly state their objections in writing to the assessment and file it with the clerk of the city council. They had thirty days in which to do this, but do not appear to have made any objections in any manner to the assessment. The city council could have instructed the superintendent of streets to correct the

assessment, or to make a new one. The object of the section is to treat all owners fairly; to give them a tribunal where, without technical formalities, they may have their rights adjusted, and all questions in regard to the assessment and proceedings leading up to it passed upon and corrected by the local authorities. This meaning is clearly expressed in the section, because it states that no assessment shall be held invalid, except upon appeal to the city council, for any error or defect in the assessment itself. It would have been fair to the contractor and to the other owners of lots on the street if defendants had made their objections to the assessment in the manner provided in the statute and at the time when it could have been corrected. As they did not do so they will not now be heard to complain as to any matter which the city council might have corrected upon such appeal. In *Himmelmann* v. *Hoadley,* 44 Cal. 276, a contract had been let for improving California street from Gough street to Cemetery avenue at a certain rate per square foot. Subsequently the line of Cemetery avenue was changed to the west, so that the distance from Gough street to Cemetery avenue was increased about two hundred feet. The superintendent of streets included the cost of the additional work in the assessment. The claim was made that the assessment was void, but the court held it was an error which should have been corrected on appeal to the board of supervisors. It is there said: "But when the contract is valid, if the superintendent includes in the assessment the expense of work not provided for in the contract, or not performed under it, it is an error on his part, which may be corrected on appeal to the board as provided for in the statute. The cases above cited hold that that is the only remedy for an error of the superintendent which might have been corrected on such appeal." The same rule has been announced over and over again. The following are a few of the cases so holding: *Chambers* v. *Satterlee,* 40 Cal. 497; *Boyle* v. *Hitchcock,* 66 Cal. 129, [4 Pac. 1143]; *Wells* v. *Wood,* 114 Cal. 255, [46 Pac. 96]; *Perine* v. *Forbush,* 97 Cal. 311, [32 Pac. 226]; *Dowling* v. *Conniff,* 103 Cal. 75, [36 Pac. 1034]; *Warren* v. *Riddell,* 106 Cal. 352, [39 Pac. 781].

Defendants contend that the assessment is void upon its face, but the cases cited by them do not sustain such contention. In *Spaulding* v. *Wesson,* 115 Cal. 441, [47 Pac. 249],

the court simply held that there was no jurisdiction in the municipality to enforce an assessment to improve private property. In *Ryan* v. *Altschul,* 103 Cal. 176, [37 Pac. 339], the court held the assessment void on its face because the assessment was made on one lot only, when the statute expressly states that it shall be made on all lots on both sides of the street. The court there said: "If the assessment includes expenses which, under any circumstances, might have been a charge upon the property assessed, and the alleged error is to be determined by matters outside of the assessment itself, the owner must first seek its correction by an appeal." It is further stated in the opinion: "An assessment is void upon its face if it purports to be for work which is not included in the contract upon which it is made, or which has not been authorized in the resolution of intention (*Donnelly* v. *Howard,* 60 Cal. 291; *Partridge* v. *Lucas,* 99 Cal. 519, [33 Pac. 1082]), or if it appears from the diagram attached thereto to be upon lands which the statute does not make chargeable with the expense of the work (*Parker* v. *Reay,* 76 Cal. 103, [18 Pac. 124]), or which lie outside the district to be assessed (*Schumacker* v. *Toberman,* 56 Cal. 508)."

The assessment in the case at bar is upon lots included both in the resolution of intention and in the contract under which the improvement was made, and is upon lands which the statute makes chargeable with the cost of the work and which do not lie outside of the district assessed. It follows that the court erred in sustaining the objections to the assessment and the other documents offered with it.

The judgment is reversed.

Harrison, P. J., and Hall, J., concurred.