[Civ. No. 193.  First Appellate District.—August 15, 1906.]

JOHN P. BECKETT, Appellant, v. HARRY N. MORSE et al., Respondents.

STREET IMPROVEMENT—CONSTRUCTION OF ACT—FAILURE TO LIMIT TIME FOR PROPOSALS—ASSESSMENT NOT AFFECTED.—Under section 5 of the street improvement act of 1891, the city council is not required to limit the time within which the proposals for an improvement may be delivered to the clerk, nor to fix the day or hour when it will consider them, nor to direct the clerk to designate in his notice inviting proposals any day or hour before or at which

they shall be delivered to him; and the failure to do so cannot invalidate an assessment if the express requirements of the act are complied with.

ID.—FORECLOSURE OF ASSESSMENT—FINDING—PRIMA FACIE CASE— BURDEN UPON DEFENDANT.—In an action to foreclose a street assess· ment, a finding that the averments in the complaint of the making and recording of the assessment warrant and diagram with the affidavit of demand and nonpayment are true, in the absence of any other evidence, entitled the plaintiff to a judgment in his favor, and threw upon the defendant the burden to show some defect in the prior proceedings sufficient to overcome the *prima facie* effect of those facts.

ID.—PLEADING—INSUFFICIENT ANSWER—CONCLUSION OF LAW—ASSESS- MENT OF LOT IN SEPARATE SUMS—PRESUMPTIONS.—An answer averring that the superintendent of streets did not make the assess- ment in the manner and form prescribed by law, without setting forth particulars in which it was defective, states a mere conclusion of law, and the averment therein that the lot was not assessed for any one of the separate sums stated in the complaint is an insuffi- cient defense to an action to foreclose an assessment for the aggre- gate of those sums, if such separate sums could have been assessed against the lot for its proportion of the cost of the entire work, un- der any possible circumstances—it being presumed that such cir- cumstances existed in the present case.

ID.—LOT FRONTING ON TERMINATING STREETS—ASSESSMENT FOR TER- MINATING WORK.—Where the complaint alleged that the lot was assessed one sum for frontage work on the eastern side of the main avenue improved, and three other sums for termination work on three other avenues named, amounting to a specified aggregate sum, it is in harmony with the assessment that the other avenues terminated on the westerly side of the main avenue, and that the assessments for terminating work were in accordance with the pro- visions of subdivision 7 of the street improvement act.

ID.—ASSUMPTION OF DIFFERENT TERMINATION—EVIDENCE OUTSIDE OF ASSESSMENT—REMEDY BY APPEAL.—If the facts as to the lo- cality of the terminating avenues were otherwise, and the assess- ments for terminating work were not authorized, that was a matter to be determined by extraneous evidence.  The assessment was not void upon its face, and could be remedied only by an appeal to the city council.

ID.—ASSESSMENT FOR FRONTAGE—EXCESSIVE PROPORTION OF COST— WAIVER—FAILURE TO APPEAL.—The assessment upon a lot fronting upon an improvement for more than its proper proportion of the cost of the work, by reason of an erroneous computation, or an improper distribution of the cost upon the lands assessable therefor, is an error which is waived by failure to appeal to the city council, and

objection thereto cannot be made for the first time in an action to enforce the assessment.

ID.—VALIDITY OF ASSESSMENT NOT IMPAIRED BY SUBDIVISION OF AGGRE-GATE AMOUNT.—The validity and amount of the assessment was not impaired or affected by the fact that the proportion of the cost for which the lot was chargeable was subdivided into the several amounts, as alleged, growing out of the position of the lot assessed. The assessment does not cease to be a single assessment for the aggregate sum by reason of such apportionment.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, for Appellant.

R. M. F. Soto, for Respondents.

HARRISON, P. J.—Action upon a street assessment in the city of Oakland. Judgment was rendered in favor of the defendants, and the plaintiff has appealed therefrom upon the judgment-roll without any bill of exceptions. The complaint is in the ordinary form and sets forth all the facts necessary to entitle the plaintiff to recover judgment. The court found that, with the exception of certain facts specifically found upon issues raised by the answer of the defendants, all of the facts alleged in the complaint are true.

1. In their answer to the complaint the defendants allege that the city council did not, by resolution or otherwise, fix a day or hour prior to which or at which it would receive or open or consider any proposal for doing the work mentioned in the complaint, and did not authorize or direct its clerk to fix such day or hour; and one of the special findings of fact made by the court was in accordance with this averment.

Section 5 of the street improvement act in force at the time these proceedings were had (Stats. 1891, p. 199) is as follows: "Before the awarding of any contract by the City Council for doing any work authorized by this Act the City Council shall cause notice with specifications to be posted conspicuously for five days on or near the Council chamber door of said Council, inviting sealed proposals or bids for doing the work ordered, and shall also cause notice of said

work, inviting said proposals, and referring to the specifica-
tions posted or on file, to be published for two days in a
daily, semi-weekly or weekly newspaper printed and circu-
lated in said city, designated by the Council for said purpose,
and in case there is no newspaper published in said city
then it shall only be posted as hereinbefore provided. . . .
Said proposals or bids shall be delivered to the Clerk of said
City Council, and said Council shall in open session examine
and publicly declare the same.'' The council is not required
by this section to limit the time within which the proposals
may be delivered to its clerk, or to fix the day or hour at
which it will open or consider them; nor is it required to
direct the clerk to designate in his notice inviting such pro-
posals any day or hour before or at which they shall be de-
livered to him. All that is required by this section is that be-
fore a contract shall be awarded the council shall cause a
notice of the work ordered, with specifications, inviting sealed
proposals for doing the same, to be posted conspicuously for
five days, and shall also cause to be published for two days
a notice of said work, inviting said proposals, and referring
to the specifications posted or on file; and that at an open
session of the council held after the completion of the post-
ing and publishing of said notice, it shall open, examine and
publicly declare the same. Thereupon it may award the
contract to the lowest responsible bidder. (*Edwards* v. *Ber-
lin*, 123 Cal. 544, [56 Pac. 432] ; *Belser* v. *Allman*, 134 Cal.
399, [66 Pac. 492].)

The resolution ordering the work was passed December
16, 1895, and on the same day the council directed its clerk
to post and keep posted conspicuously for five days a notice
thereof, with specifications, inviting sealed proposals for do-
ing the work; and in like manner cause such notice to be
published for five days. It is alleged in the complaint and
not denied in the answer that such posting and publication
were properly had, commencing December 21, 1895. On or
before December 30th, several sealed proposals were deliv-
ered to the clerk, one of which was so delivered by the as-
signor of the plaintiff, and on January 13, 1896, the city
council in open session opened and examined all said proposals,
and publicly declared the same; and afterward on January 20,
1896, by its resolution, awarded the contract for doing said
work to the plaintiff's assignor. As in these proceedings the

city council strictly complied with all of the above provisions
of section 5, the fact which is above alleged in the answer
and found by the court had no tendency to impair the valid-
ity of the assessment.

2. The improvement ordered by the city council was the
construction of a sewer in Newton avenue from the center
line of Fourth avenue to the center line of Lester avenue pro-
duced—ten inches in diameter from the center of Fourth
avenue to the center of Athol avenue produced, and eight
inches in diameter from the center of Athol avenue to the
center of Lester avenue produced. The complaint alleges
that the lot described therein was numbered in the assess-
ment and diagram as No. 43, and was assessed to pay $96.63
for frontage work; $27.80 for Lester avenue termination
work; $16.05 for Athol avenue termination work; and $31.90
for work opposite the termination of Watson avenue, making
in the aggregate $172.98, for which the lien is claimed.

The finding of the court that the averments in the com-
plaint of the making and recording of the assessment, war-
rant and diagram, with the affidavit of demand and nonpay-
ment, are true, in the absence of any other evidence, entitled
the plaintiff to a judgment in his favor, and threw upon the
defendants the burden of showing some defect in the prior
proceedings sufficient to overcome the *prima facie* effect of
those facts. (*Belser* v. *Allman,* 134 Cal. 399, [66 Pac. 492];
*Raisch* v. *Hildebrandt,* 146 Cal. 721, [81 Pac. 21].) "If
the defendant would rely upon any error, defect or irregu-
larity that may have supervened in the proceedings subse-
quent to the ordering of the work, the burden is upon him,
not only to allege such defect, but also to show the same
by affirmative evidence." (*Belser* v. *Allman,* 134 Cal. 399,
[66 Pac. 492].) In their answer the defendants deny, upon
their information and belief, that the superintendent of:
streets made the assessment referred to in the complaint, or
that the said assessment had any diagram attached thereto,
and in like manner deny that the said assessment was made
in the manner or form prescribed by law; and deny that by
or according to said assessment or diagram the lot described
in the complaint and therein numbered as 43 was assessed
for any one of the separate sums stated in the complaint or
for any sum. Upon this issue the court found that the su-
perintendent of streets made and issued the assessment, to-

gether with the warrant and diagram attached thereto, in the manner and form as stated in the complaint, except that upon the assessment there was but one number, viz., 43, to represent the whole of the lot described in the complaint; that upon the diagram attached thereto said lot is exhibited as a single lot, and has but one number, viz., 43, to correspond with the same number on the assessment; and that upon the assessment there were assessed against said lot the four separate and distinct sums mentioned in the complaint.

The allegation of the defendant that the superintendent of streets did not make the assessment in the manner or form prescribed by law in the absence of setting forth the particulars in which it is defective, was but the averment of a legal conclusion and not of a fact. The finding of the court that it was made as alleged in the complaint with certain exceptions leaves only the character of these exceptions to be considered.

The averment that the lot was not assessed for any one of the separate sums stated in the complaint was insufficient as a defense to an action for the aggregate of these sums if such separate sums could have been properly assessed against the lot for its proportion of the cost of the entire work. The diagram in connection with which the assessment is made is not set forth in the record, and there is no averment in the answer of any fact tending to impeach the correctness of either of the several assessments against the lot numbered therein as 43 for a portion of the cost of the entire work. If there could be any circumstances under which such an assessment could be proper, it will be assumed that such circumstances existed in the present case.

Subdivision 7 of the street improvement act (Stats. 1891, p. 202) provides that where a subdivision street or avenue terminates in another street or avenue the expenses of the work done on one-half of the width of the subdivision street or avenue shall be assessed upon the lots fronting on such termination. Lot 43, against which the assessment herein was made, is described in the complaint as situated on the easterly side of Newton avenue; and it is in harmony with the terms of the assessment as set forth in the complaint that Lester avenue, Athol avenue and Watson avenue are subdivision streets terminating in Newton avenue on its westerly side; and that the several amounts assessed against lot 43

for "termination" work were so assessed for the work done on the easterly half of Newton avenue opposite the termination of those streets. In such case the assessment would not be void upon its face, but would be in accordance with the provisions of said subdivision 7. If the facts were otherwise, or if, by reason of the position of such avenues, the assessment upon the lot for work done opposite their terminations was not authorized, that was a matter to be determined by evidence outside of the assessment, and could be remedied only by an appeal to the city council. (*McDonald* v. *Conniff,* 99 Cal. 386, [34 Pac. 71] ; *Ryan* v. *Altschul,* 103 Cal. 176, [37 Pac. 339] ; *Bates* v. *Hadamson,* 2 Cal. App. 574, [84 Pac. 51].)

The defendants' lot fronted upon the improvement, and was assessable for its proportion of the cost of the work. If it was assessed for more than its lawful proportion of such cost, whether by reason of an erroneous computation, or an improper distribution of the cost upon the lands assessable therefor (*Wells* v. *Wood,* 114 Cal. 255, 46 Pac. 96]), the error was waived by their failing to appeal to the city council. In the absence of such appeal the objection cannot be made for the first time in an action to enforce the assessment.

The validity of the assessment was not impaired by the fact that the proportion of the cost for which lot 43 is chargeable is subdivided into several amounts as alleged. The cost of the entire work is apportioned in separate amounts to the several portions of the territory chargeable therewith in accordance with their relative position to the work, as is required by the provisions of the street improvement act, and the several amounts so apportioned are assessed against the lots within the respective territories chargeable therewith under the provisions of the act. The assessment does not cease to be a single assessment by reason of this apportionment; nor is the lot of the defendants charged thereby with more than its proportion of the cost of the entire work. In thus distributing portions of the cost upon lots not fronting upon the street on which the work was done the amount which would otherwise be assessed against the lot of the defendants is not increased or otherwise affected (see *San Francisco Pav. Co.* v. *Dubois,* 2 Cal. App. 42, [83 Pac. 72]). It must therefore be held that the validity and correctness of the assessment was not impaired by the mode in which the court finds that

it was made; and inasmuch as the facts specifically found by the court have no tendency to impeach the correctness of the proceedings culminating in the assessment, it follows that the plaintiff was entitled to judgment, and that the court erred in rendering judgment in favor of the defendants.

The judgment is reversed.

Cooper, J., and Hall, J., concurred.