[Civ. No. 201.   First Appellate District.—August 15, 1906.]

## JAMES J. FLINN et al., Appellants; v. GASTON STRAUSS et al., Respondents.

STREET IMPROVEMENT IN SAN FRANCISCO—PROPOSAL—OMISSION OF AFFIDAVIT REQUIRED BY CHARTER—VOID CONTRACT AND ASSESSMENT.—Under the express provisions of the San Francisco charter, the failure to make the required affidavit against collusion in the proposal or bid for a street improvement renders the contract and the assessment for work done thereunder absolutely void.

ID.—CONSTRUCTION OF CHARTER—AFFIDAVIT BY JOINT BIDDERS.—The provision in the charter requiring "the affidavit of the bidder" is not satisfied by the affidavit of one of several joint bidders. The purpose of the provision is to prevent collusion and fraud, and to sift the conscience of each of several joint bidders.

ID.—INSUFFICIENT AFFIDAVIT.—Where the proposal was by two persons, and the only pretense of affidavit was a blank form, without date, signed by only one of them individually, and not purporting to be sworn to before any officer, the name of a third person being merely signed to a blank certificate of oath, without date or designation of office or seal, or any proof of his official authority, there is no proper affidavit, as required by law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

D. H. Whittemore, for Appellants.

E. G. Knapp, and Chapman & Knapp, for Respondents.

HARRISON, P. J.—Action for the foreclosure of the lien of a street assessment in San Francisco.   The plaintiffs have appealed from a judgment rendered in favor of the defend-

ants, and have presented the appeal upon the judgment-roll, including a bill of exceptions.

The charter of San Francisco (art. VI, c. I, sec. 16; Stats. of 1899, p. 289) provides that all proposals for public work, including street improvements, "shall be made upon printed forms to be prepared by the board and furnished gratuitously upon application, with a form for the affidavit hereinafter provided for printed thereon. Each bid shall have thereon the affidavit of the bidder that such bid is genuine and not collusive or sham; that he has not colluded, conspired, connived or agreed, directly or indirectly, with any other bidder or person to put in a sham bid, or that such other person shall refrain from bidding; and has not in any manner sought by collusion to secure any advantage against the city and county, or any person interested in said improvement for himself or any other person. All bids shall be clearly and distinctly written without any erasure or interlineation, and if any bid shall have an erasure or interlineation it shall not be received or considered by the board. Any contract made in violation of any of the foregoing provisions, and in case of improvements of streets, any assessment for the work done under such contract, shall be absolutely void."

The complaint herein is in the ordinary form, and alleges among other matters that the plaintiffs herein delivered to the board of public works their proposal to do the work for which it had invited sealed proposals, and that their said proposal had thereon the affidavit of each of the plaintiffs setting forth the matters required by the above provisions of the charter. Upon an issue thereon the court found that the alleged proposal "did not have therewith or thereon the affidavit as alleged, or any proper affidavit as required by law."

The bill of exceptions sets forth at length the alleged proposal of the plaintiffs for doing the work, together with the following, purporting to have been printed thereon, viz.:

### "AFFIDAVIT.

"State of California,
City and County of San Francisco.—ss:

"............................being first duly sworn, deposes and says: That he is........................the

party making the foregoing proposal or bid; that this bid is genuine and not collusive or sham; that said bidder has not colluded, conspired, connived or agreed, directly or indirectly, with any other bidder or person to put in a sham bid or that such other person shall refrain from bidding; and has not in any manner, sought by collusion to secure any advantage against the city and county, or any person interested in said improvement, for himself or any other person.

"JAS. J. FLINN.

"Subscribed and sworn to before me this ...... day of ........, 190....

"H. J. SMITH."

Although this instrument purports to have the signature of "Jas. J. Flinn," his name is not set forth in the body of the instrument as the affiant thereof, and the instrument itself is without date and is not authenticated as being his affidavit by any official signature or seal. The official character of "H. J. Smith" is not shown, either in the body of the affidavit, or by having any official description written after his signature, and it does not appear on the face of the instrument that he was an officer authorized to take an affidavit, nor was there any evidence given at the trial of the cause that he had such authority. The proposal of the plaintiffs to do the work purports to have been made by two persons, "Flinn and Treacy," and the complaint alleges that they were partners and made the proposal, and that it had thereon the affidavit of each of them; but the statement in the purported affidavit of Flinn "that he is the party making the foregoing proposal" is at variance therewith. The provision in the charter requiring "*the* affidavit of *the* bidder" is not satisfied by the affidavit of one of several bidders. The purpose of the provision is to prevent collusion and fraud, and to sift the conscience of the bidder, or of all of the bidders if there be more than one; but an affidavit of one of several bidders might be made in good faith notwithstanding a collusion on the part of one or more of his associates.

The above finding of the court was fully sustained by the evidence. Although by the introduction of the warrant, assessment and diagram in evidence, with an affidavit of demand and nonpayment, the plaintiffs threw upon the defendants the burden of showing any defect in the proceedings prior

thereto (*Williams* v. *Bergin,* 129 Cal. 461, [62 Pac. 59]; *Belser* v. *Allman,* 134 Cal. 399, [66 Pac. 492]), yet these documents are only *prima facie* evidence of the plaintiffs' right of recovery, and are subject to be overcome by any affirmative evidence of such defect. At the trial herein the contract of the plaintiffs, together with their proposal and the aforesaid purported affidavit, were produced from the records of the board of public works, and a deputy from that office testified that the purported affidavit indorsed upon the proposal is the paper that was submitted as an affidavit by the plaintiffs at the time the proposal was handed in, and that the contract with them was let and executed on that proposal. This evidence was sufficient to authorize the court to hold that the *prima facie* character of the documents introduced by the plaintiffs was overcome thereby, and to throw upon the plaintiffs the burden of showing that there was printed upon their proposal an affidavit sufficient to meet the requirements of the charter. In the absence of any further evidence the court was authorized to find that there was no affidavit of the bidder upon the proposal other than the one purporting to have been made by Flinn which was offered in evidence.

By the express terms of the above section of the charter the failure to make the affidavit required by the section rendered the contract, and the assessment for the work done under such contract, absolutely void.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.