[Civ. No. 2662. First Appellate District, Division One.—April 8, 1919.]

GEORGE W. McGINN, Respondent, v. T. C. VAN NESS, Jr., et al., Appellants.

[1] STREET LAW — SAN FRANCISCO ORDINANCE — ACTION TO FORECLOSE LIEN — PROPER APPORTIONMENT OF ASSESSMENT — INSUFFICIENT ANSWER.—In this action to foreclose a lien for street work under public contract there was no denial of plaintiff's averment that the board of public works "duly and regularly" made an assessment to cover the sum due for the work performed in conformity with the provisions of the San Francisco Street Improvement Ordinance (No. 2439), sufficient to raise the issue as to whether or not such board properly apportioned the assessment as directed by such ordinance; and the averment of the defendants' answer was ineffectual to present such issue.

[2] ID. — DEFECTIVE ASSESSMENT — IRREGULARITY — REMEDY. — Even though such assessment was defective in that it was not properly apportioned as directed by the ordinance, the defect was not such as would render the assessment void upon its face, but at most was only an irregularity which could and doubtless would have been corrected upon an appeal to the proper board under section 21 of the ordinance in question.

[3] ID.—ERRORS CONSTITUTING DEFENSE TO ACTION.—It is only such errors as are jurisdictional and which appear upon the face of the assessment that may be taken advantage of upon the trial without an appeal having been first made to the board.

[4] ID.—RECORDATION OF WARRANT, ASSESSMENT, AND 'DIAGRAM—COLLECTIVE INDORSEMENT.—Where the record shows that the warrant, assessment, and diagram were indorsed as having been duly recorded on the same day on which they were filed of record, the fair intendment is that this indorsement was made upon the originals where it should appear. The fact that such indorsement was collective as to all three of these documents and not made upon each separately is immaterial.

[5] ID.—FAILURE OF SECRETARY TO AUTHENTICATE RECORD.—The failure of the secretary of the board of public works to attach his signature to the record of the return of the assessment and warrant does not render the lien invalid nor prejudice the holder of the warrant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. H. Chapman and R. M. F. Soto for Appellants.

Fabius T. Finch for Respondent.

RICHARDS, J.—This is an action to foreclose a lien for street work under a public contract affecting the property of the defendants. The assessment was made under the procedure provided by Ordinance No. 2439, New Series, of the city and county of San Francisco, approved September 4, 1913, under and by virtue of the power given to the supervisors of that municipality by section 33, chapter II, of article VI òf its charter. The trial court decreed a foreclosure of said lien, and from such decree the defendants have prosecuted this appeal.

The first point insisted upon by the appellants is that of the insufficiency of the complaint as tested by a general demurrer, but in view of the fact that the appellants concede in their opening brief that the complaint herein as amended is substantially in the same form as the complaint in the case of *Bienfeld* v. *Van Ness*, 176 Cal. 585, [169 Pac. 225], and that the supreme court in that case disposed of practically every point herein urged as to the insufficiency of the complaint adversely to the appellants, it is not necessary to further consider this phase of the case.

[1] The next contention of the appellants requiring consideration is the claim that the board of public works is not shown to have properly apportioned the assessment as directed by the ordinance. The complaint in that behalf alleges that the board of public works "duly and regularly made an assessment to cover the sum due for the work performed and specified in conformity with the provisions of the charter of San Francisco and in accordance with the provisions of Ordinance No. 2439." We do not find any sufficient denial of this averment to raise an issue involving the point urged in the appellants' contention, and we regard the averment of the defendants' answer relied upon by them as ineffectual to present such issue. (*Beckett* v. *Morse*, 4 Cal. App. 232, [87 Pac. 408].)

[2] But even if it were to be assumed that the assessment was defective in the respect claimed, it was not such a defect

as, in our opinion, would render the assessment void upon its face, but was at most only an irregularity which could and doubtless would have been corrected upon an appeal to the proper board under section 21 of the ordinance in question. [3] It is only such errors as are jurisdictional and which appear upon the face of the assessment that may be taken advantage of upon the trial without an appeal having been first made to the board. . (*Chase* v. *Trout*, 146 Cal. 357, [80 Pac. 81] ; *Girvin* v. *Simon*, 116 Cal. 604, [48 Pac. 720] ; *McLaughlin* v. *Knoblock*, 161 Cal. 676, [120 Pac. 27] ; *Ramish* v. *Hartwell*, 126 Cal. 443, [58 Pac. 920].)

[4] The next contention of the appellants is that the record shows that the warrant, assessment, and diagram were not properly recorded as required by the terms of the ordinance. In thus stating the condition of the record we think counsel for the appellants are in error. The record shows that the warrant, assessment, and diagram were indorsed as having been duly recorded on the same day on which they were filed for record. The fair intendment from this showing is that this indorsement was made upon the originals where it should appear. The fact that such indorsement was collective as to all three of these documents and not made upon each separately is too technical to deserve consideration. [5] The case of *Bienfeld* v. *Van Ness, supra,* seems to dispose of the objections of the appellants as to the sufficient authentication of the return of the assessment and warrant, also to hold, and that the failure of the secretary of the board to attach his signature to the record does not render the lien invalid nor prejudice the holder of the warrant. In that case, also, practically all of the other objections which the appellants herein make to the sufficiency of this assessment and the lien sought to be foreclosed in this action are held to have been rendered unavailing by the following provision of the ordinance, namely: "No assessment, warrant, diagram, or affidavit of demand and nonpayment after issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality, or defect in the same, where the resolution of intention of the board of public works to recommend to the supervisors the ordering of the improvement has been actually published and posted and the notices of improvement posted as in this ordinance provided." (*Bienfeld* v. *Van Ness, supra; Chase* v. *Trout, supra.*)

This disposes of every material point urged by the appellants upon this appeal.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 5, 1919, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied, without reference to any question of the correctness of what is stated in the opinion in the paragraph commencing with the words, viz.: ''But even if it were to be assumed that the assessment was defective in the respect claimed,'' etc.

All the Justices concurred.