No. 2,363.

JAMES B. DAMRELL, RESPONDENT, v. BOARD OF SUPERVISORS OF SAN JOAQUIN COUNTY, APPELLANTS.

PRACTICE.—NOTICE OF APPEAL.—A notice of appeal given by the attorney of record is sufficient.

PUBLIC ROADS.—ESTABLISHMENT OF.—PARTY TO PROCEEDINGS FOR.—A person through whose lands a proposed road will pass is beneficially interested, and is a proper party to contest the legality of the proceedings for the establishment of the road.

IDEM.—SUPERVISORS EXERCISE JUDICIAL FUNCTIONS.—It is true, as a matter of law, that a Board of Supervisors in laying out a public road, exercises judicial functions.

IDEM.—AUTHORITY TO TAKE PRIVATE PROPERTY FOR PUBLIC USE MUST BE STRICTLY PURSUED.—The authority granted to a Board or tribunal to acquire private property for public purposes by special proceedings, and not with the consent of the owner, must be strictly pursued or the proceedings will be void.

IDEM.—DUTY OF VIEWERS.—The viewers of a road, appointed under the Act of April 19th, 1859, must view and mark out the line of the road as proposed in the application, and state the probable cost of its construction, and must also give notice to the owners of the land through which the proposed road will pass, of the time and place of the meeting of the viewers in accordance with the provisions of the Act.

IDEM.—APPLICATION FOR.—The application must state that the proposed road will be located within some portion of the county in which the application is made.

APPEAL from the District Court of the Fifth District, San Joaquin County.

This is a proceeding based upon a petition addressed to the Judge of the District Court, praying that a writ of *certiorari* issue, directing the Board of Supervisors of San Joaquin County to certify up to said Court the papers and proceedings pertaining to the establishment of a certain highway in said county.

The petitioner, who is the owner of a portion of the land through which a proposed road passes, alleges in his petition that it nowhere appears in the petition to the Board of Supervisors to establish said road that the proposed road is in the State of California; that the viewers failed to mark out said road and to report its probable cost, and to comply with the law. in such case made and provided; that it nowhere appears in the proceedings of the Board of Supervisors that said Board notified the known owners of the land over which it was proposed to construct said road, of the time or place of meeting of the viewers, either personally or otherwise, and that the Board of Supervisors, by its order establishing said road, failed to comply with material requirements of the Act of April 19th, 1859, " Concerning roads and highways in the counties of Tuolumne, San Joa-

quin, Plumas and Siskiyou," under which they acted, and thereby exceeded its jurisdiction.

The Court granted the petition and ordered the writ to issue as prayed for.

At the hearing, defendant moved to dismiss the petition and writ upon the following grounds:'

1st. That it does not appear from said petition, nor is it averred therein, that the proceedings sought to be reviewed were judicial in their character.

2d. That it does not state or show in what respect said Board exceeded its jurisdiction in making the order referred to in the petition.

The Court denied the motion, and after hearing the case upon the return, found that the Board of Supervisors exceeded its jurisdiction in establishing said highway, and rendered judgment, ordering "that all the proceedings of said Board subsequent to the appointment of viewers be annulled, vacated and rendered wholly void." From this order and judgment the Board has appealed.

Counsel for respondent moved this Court, to dismiss the appeal, on the ground that the notice of appeal was not given by the President of the Board of Supervisors or the District Attorney.

The other facts are stated in the opinion.

*W. L. Dudley,* for Appellants.

*First*—The petition on which the application for the writ is founded, does not state facts sufficient to authorize the issuance of the writ.

1st. Because it does not allege or show that the respondent was "beneficially interested" in its issuance, or that he has sustained any injury or injustice whatever by the action of the Board. (Practice Act, Sec. 457; *Strong* v. *County Commissioners,* 31 Maine, 578; *Rand* v. *Tobis,* 32 Id. 450; *Harkness* v. *Waldo County Commissioners,* 26 Id. 353; *Perry* v. *Lovett,* 24 Texas, 359; *Clifford* v. *Waldrop,* 23 Ill. 336; *McKenzie* v. *Pitner,* 19 Texas, 135; *People* v. *Berne,* 44 Barb.

N. Y. 467; *Starkweather* v. *Seeley*, 45 Id. 164; *Finch* v. *Te-hama Co.* 29 Cal. 453)

2d. The petition does not state in what particular the Board exceeded its authority. *(Welch* v. *Bagg*, 12 Mich. 8 Cooley, 41; *Chambers* v. *Lewis*, 9 Iowa, 1st With. 583; *Wratton* v. *Wilson*, 22 Cal. 465.)

3d. The petition does not allege or show that the proceedings sought to be reviewed were judicial in their character.

*Second*—The respondent has no right to complain on account of changing the line of the proposed road on land other than his own, nor would such action vitiate the order of the Board. It could not possibly amount to an excess of jurisdiction; it might be irregular, but nothing more. *(Harkness* v. *Waldo County Commissioners, supra.)* A mere irregularity or technical error or informality is not enough to invalidate the order of the Board laying out a road, and in fact will not be inquired into on the return to the writ. The Court goes to the extent of reviewing the proceedings of the Board of Supervisors to determine whether the Board has exceeded its jurisdiction, and there the review terminates. *(Central Pacific R. R. Co.* v. *Board of Equalization of Placer County; People* v. *Burney*, 29 Cal. 459; *People* v. *Johnson*, 30 Id. 101; *People ex. rel. Agnew* v. *Mayor of N. Y.* 2 Hill. 10; *People ex rel. Bodine* v. *Goodwin*, 1 Selden, 568; *Ewing* v. *Thompson*, 43 Penn. 372; 30 N. Y. 72.)

*Byers & Elliott*, for Respondent.

The law for the condemnation of land for public use must be strictly followed. *(Sanford* v. *Worn*, 27 Cal. 171.)

Scarcely a single provision of the law is complied with, from the filing of the petition for a highway, up to the time of the final order of the Board.

Rhodes, C. J., delivered the opinion of the Court.

The motion to dismiss the appeal, on the ground that the notice of appeal was not given by the President of the

Board of Supervisors, or the District Attorney, must be denied, as the notice was given by the attorneys of record.

The defendants moved to dismiss the writ, and the first ground now urged, is that it does not appear that the plaintiff is "beneficially interested" in the subject matter of the proceeding. The objection that this point cannot be considered now, because not presented in the Court below, may be waived, as we are of the opinion that the point is not well taken. The petition shows that the proposed road will run over the plaintiff's land, and he is interested in the matter of the compensation for his land, which may be taken for the use of the road, it not appearing that he has granted the right of way, either with or without compensation. As the proposed road will pass over his land, he is interested in having the road located in such manner, that it will be legal and valid when it is declared a public highway.

It is sufficiently shown in the petition in what particulars the Board exceeded its authority. It is unnecessary to allege that a Board of Supervisors, in laying out a public road, exercises judicial functions, for that is true as matter of law. There are many valid objections to the proceedings before the Board, which are not mere matters of error. It is axiomatic law, that the authority granted to a Board or tribunal to acquire private property for public purposes, by special proceedings, and not through the will or consent of the owner, must be strictly pursued or the proceedings will be void.

The Court having annulled the proceedings subsequent to the appointment of the viewers, the proceedings prior to that time need not be noticed.

The viewers are required by the statute (Stat. 1859, p. 368), among other things, to view out and mark the line of the road, and report the probable cost of its construction. They viewed out a road which diverges, at some points, from the proposed road; they have not reported that they marked out the line of the road, nor stated the probable cost of its construction. It does not appear that

the owners of the land, over which the proposed road will run, were notified of the place of meeting of the viewers, as is required by the statute.

The Board exceeded its authority, in establishing the road on a line which deviated from that of the proposed road.

The petition does not state that the proposed road will run through any portion of the county of San Joaquin, or even of this State. For this defect, the Court would have been justified in vacating the entire proceedings.

Judgment affirmed.