[S. F. No. 10596. In Bank.—June 3, 1924.]

# CLARENCE B. EATON, Respondent, v. CHARLES F. HANLON, Appellant.

[1] STREET LAW—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE— PAYMENT OF ASSESSMENT IN INSTALLMENTS—EXERCISE OF PRIVILEGE OPTIONAL.—The right to impose an assessment for street work under the San Francisco Street Improvement Ordinance greater in amount than fifty per cent of the actual value of the property is dependent upon whether the board of supervisors has made provision for its payment in installments; and when it has, if the owner does not choose to accept the benefit extended he surely reserves the right to discharge the debt at once; if the owner declines to accept the privilege guaranteed him and refuses to pay at all, the court, if suit be brought to foreclose a lien, must give judgment for the whole amount.

[2] ID.—RESOLUTION OF EXPEDIENCY—RESOLUTION OF INTENTION— JURISDICTION.—The resolution of expediency is nothing more than a preliminary declaration of contemplated proceedings. It has not the importance or force of the resolution of intention. The latter is a jurisdictional requisite; the former procedural.

[3] ID.—DESCRIPTION OF WORK—RESOLUTION OF EXPEDIENCY—SUFFICIENCY OF.—A resolution of expediency which, in describing the work to be performed, provides for "the improvement of" a named street between two other named streets "to official line and grade, by the construction of a six-foot central strip of modified artificial stone sidewalk in accordance with the plan attached to the specifications, and by the construction of concrete curbs and a vitrified brick pavement on the roadway thereof," meets every requirement of the San Francisco Street Improvement Ordinance, the reference made by the resolution to the plan as being attached to the specifications being not required, however, to be inserted therein.

[4] ID.—DESCRIPTION OF WORK—RESOLUTION OF INTENTION—ABSENCE OF PREJUDICE.—A property owner is in nowise prejudiced or misled by the resolution of expediency so far as the description therein of the work to be performed is concerned, where the resolution of intention and the plans and specifications, upon inspection, would give the property owner all the information contemplated by the street improvement ordinance.

APPEAL from a judgment of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles F. Hanlon, *in pro. per.,* for Appellant.

Grover O'Connor for Respondent.

SEAWELL, J.—This appeal is from a judgment in favor of plaintiff in an action brought to foreclose a street improvement lien upon the property of defendant Hanlon, situate on Mariposa Street between Potrero Avenue and Utah Street, city and county of San Francisco. It presents substantially the same questions that were decided in *Fay Improvement Co.* v. *Hanlon, ante,* p. 709 [227 Pac. 482]. The assessment was made under the same procedure referred to in that case with the exception that the amended charter of 1917 was in effect at the time the proceedings in this case were commenced, instead of the charter of 1913, as in the other case. The interest of the Hibernia Savings and Loan Society, a corporation, is that of a mortgagee.

The amount of the street improvement assessment against said property amounted to the sum of $1,334.075, which was an amount greater than fifty per centum of the value at which said property was assessed for municipal purposes, exclusive of improvements thereon, upon the assessment-book of the city and county current at the time of the inception of the improvement proceedings.

That the charter conferred upon the board of supervisors authority to adopt section 29 of the Street Improvement Act is made plain by a perusal of its provisions. Section 33, article VI, chapter 2, of the charter, to the effect that the above limitation shall not apply to any assessments made payable in installments, is about as clear as language can make it. The argument that it is mandatory under the charter of 1917 to require the owner of the property to pay in installments, whether he so desires or not, is not in harmony with the provisions of the charter or the general rules of law. Both the charter and city's improvement ordinance provided that if the assessment exceeds one-half of the assessed value of the property provision *must* be made by the board of supervisors that the owner of the property be permitted to pay in installments if he so desires. **[1]** The right to impose an assessment greater in amount than fifty per cent of the actual value of the property is dependent upon whether the board of supervisors

has made provision for its payment in installments. If the owner does not choose to accept the benefit extended he surely reserves the right to discharge the debt at once. If the owner declines to accept the privilege guaranteed him and refuses to pay at all, the court, if suit be brought to foreclose a lien, must give judgment for the whole amount. Defendant Hanlon did not desire to exercise his option. He was given the opportunity to do all that he now contends for. This question, as well as the contention that section 29 of the Street Improvement Ordinance is invalid on the ground that it is unintelligible, is disposed of upon the authority of *Fay Improvement Co.* v. *Hanlon et al., supra,* and the cases therein cited.

The only question raised by this appeal that was not decided in the Fay case, *supra,* is as to the sufficiency of the expediency resolution. We think the resolution meets every statutory requirement. Section 3 of Street Improvement Ordinance No. 2439 (N. S.) provides: "When, in the judgment of the board of public works of said city and county, the public interest or convenience requires that any such improvement be made, the expense of which or any part thereof is to be assessed upon private property and said board deems the same expedient, it shall by resolution declare such expediency and briefly describe such improvement. Thereupon, said board shall cause specifications or plans and specifications for the proposed improvement to be prepared.

"Section 4. After the specifications or plans and specifications for said contemplated improvement shall have been prepared, as in section 3 provided, the said board shall pass a resolution of its intention to recommend to the supervisors that said improvements be ordered to be made as the same is described in its resolution declaring the expediency thereof. Said resolution of intention shall contain a reference to the specifications or plans and specifications prepared for the contemplated improvement," etc.

[2] The resolution of expediency is nothing more than a preliminary declaration of contemplated proceedings. It has not the importance or force of the resolution of intention. The latter is a jurisdictional requisite; the former procedural. (*Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [29 A. L. R. 1098, 199 Pac. 512].) The expediency

resolution was as full in its description of the work to be performed as the ordinance required, and in this respect it provided for ''the improvement of Mariposa Street between Potrero Avenue and Utah Street to official line and grade, by the construction of a six-foot central strip of modified artificial stone sidewalk in accordance with the plan attached to the specifications, and by the construction of concrete curbs and a vitrified brick pavement on the roadway thereof.'' The reference made by the resolution of expediency to the plan as being attached to the specifications was not required to be inserted therein, and if it should be regarded as mere surplusage the resolution would still contain a sufficient description of the work. It is clear that the sidewalk was to be constructed of modified artificial stone, the curbs were to be concrete, and the roadway was to be of vitrified brick. [3] This meets every requirement of the ordinance. The plans and specifications were approved and adopted on the same day that the preliminary resolution was passed and were connected therewith by express reference. The ordinance does not require that the description of the work be as minute in descriptive detail as plans and specifications are required to be. It is the resolution of intention which the ordinance requires shall contain a reference to the plans and specifications prepared for the contemplated improvement. [4] Appellant was in nowise prejudiced or misled by the resolution of expediency. The resolution of intention and the plans and specifications, upon inspection, would have given appellants all the information contemplated by the Street Improvement Ordinance. The resolution of intention adopted by the board of supervisors provided that the assessment imposed upon the property might be paid in ten annual installments. The language of the statute is that the assessment is ''payable'' in installments, and, of course, this means at the option of the owner and not that it must be paid in installments whether the owner elects to so pay or not. Aside from the question just discussed we find nothing in this case that is not decided by the case of *Fay Improvement Co.* v. *Hanlon, supra,* and the cases therein cited.

Judgment affirmed.

Lawlor, J., Lennon, J., Myers, C. J., Langdon, J., *pro tem.*, Richards, J., and Shenk, J., concurred.