[S. F. No. 10620.   In Bank.—June 3, 1924.].

## FAY IMPROVEMENT COMPANY, Respondent, v. CHARLES F. HANLON, Appellant.

[1] STREET LAW—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE OF 1913—GIVING OF BOND FOR ASSESSMENT—WAIVER OR IRREGULARITIES IN PROCEEDINGS—REASONABLENESS OF REQUIREMENT.—The provision of section 29 of the San Francisco Street Improvement Ordinance of 1913 that a property owner, in order to avail himself of the privilege of paying a street assessment in installments, must sign a bond within a specified time which provides that if the owner of the lot improved acknowledges the regularity and the validity of the assessment that has been imposed on his property and the amount of the assessment and promises and agrees to pay the same in installments as fixed by the resolution of intention or by the ordinance ordering the work of improvement, he shall be entitled to pay the assessment in installment payments, is not an unreasonable or unjust requirement.

[2] ID.—SECTION 29 OF ORDINANCE—INTELLIGIBILITY OF.—Section 29 of the San Francisco Street Improvement Ordinance of 1913, when read in its entirety, and in connection with other sections of the ordinance, is not unintelligible as to its meaning.

[3] ID.—PRIVILEGE OF PAYING IN INSTALLMENTS—FAILURE TO COMPLY WITH SECTION 29 OF ORDINANCE—EFFECT OF.—Where an assessment for street work done under the San Francisco Street Improvement Ordinance of 1913 was made payable in installments by the express terms of the resolution of intention, the privilege of a property owner to pay the assessment in installments was lost to him by his refusal or failure to conform to the procedure prescribed by section 29 of said ordinance for availing himself of this privilege.

[4] ID.—SAN FRANCISCO CHARTER AMENDMENTS OF 1917—EFFECT UPON EXISTING PROCEEDINGS.—The amendments approved January 18, 1917, to the San Francisco charter did not affect street proceedings begun under the charter of 1913; and all ordinances existing at the time of the adoption of the charter amendments and not in conflict with or repealed thereby were continued in force.

[5] ID.—SECTION 33, ARTICLE VI, CHAPTER 2, SAN FRANCISCO CHARTER AS AMENDED IN 1917—CONSTRUCTION OF.—Section 33, chapter 2, article VI, of the San Francisco charter as amended in 1917 is but an amplification of the old section making, if possible, more clear the evident intention disclosed by the original section.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles F. Hanlon, *in pro. per.*, for Appellant.

John R. Daniels for Respondent.

SEAWELL, J.—This is an appeal from a judgment in the plaintiff's favor in an action to foreclose a lien for street improvement work performed for the benefit of lot number 59, as shown by the assessment and diagram, situate at the southeast corner of Forty-fourth Avenue and Balboa Street, in the city and county of San Francisco, and owned by defendant Charles F. Hanlon. The assessment was made under the procedure provided by Ordinance No. 2439 (N. S.) of the city and county of San Francisco, approved September 4, 1913, under and by virtue of the power given to the supervisors of that municipality by section 33, article VI, chapter 2, of its charter. The Hibernia Savings and Loan Society, a corporation, alleged to have held a mortgage interest in said lot, filed a dismissal of its appeal, leaving Charles F. Hanlon as the sole appellant.

The street improvement assessment aggregated the sum of $993.13, which is in amount greater than fifty per centum of the value of said lot at which it was assessed upon the last preceding assessment-book of the city and county of San Francisco. Subdivision 3 of section 8, of article VI, chapter 2, of the charter of said city and county of San Francisco has, since 1913, provided, and still does provide, that "no assessment shall be levied upon any property, which, together with all assessments for street improvements that may have been levied upon the same property during the next year preceding, will amount to a sum greater than fifty per centum of the value at which said property was assessed upon the last preceding assessment-book of the city and county." Section 33 of the same chapter (Stats. 1913, p. 1623), which was a part of the 1913 charter, provided: "The method of procedure in this article provided for the improvement of streets, . . . and for the assessment of the

expense thereof or any portion of such expense upon private property shall not be deemed exclusive, but the board of supervisors by an affirmative vote of not less than two-thirds of the members thereof, may by ordinance substitute therefor any method of procedure in any general law of the State of California now in force and effect, or as the same may be amended or that may hereafter be enacted, providing for such improvements in municipalities, and levying assessments for the expense or portion thereof upon private property; or the said board may, by a like affirmative vote of the members thereof, adopt an ordinance which may from time to time be revised or amended, providing a method of procedure for such improvement and assessment; and in such ordinance if said board deems it expedient, provision may be made for the payment of any assessment levied in pursuance of the provisions thereof in *annual installments* covering a term not to exceed *ten years* upon conditions as to said board may seem reasonable and just, the rate of interest to be paid on such payments not to exceed seven per cent per annum. In any proceeding for the improvements of streets wherein provision is made for the payment of any assessment in annual installments, the amount of such assessment shall not be limited by the provisions contained in *subdivision 3 of section 8 of this chapter.*" (Italics ours.) Pursuant to this last express authorization of the charter, Ordinance No. 2439 (N. S.) was approved September 4, 1913. Section 29 of said ordinance provides as follows: "In case the owner of any lot or parcel of land against which an assessment is imposed desires to avail himself of the privilege of paying such assessment in installments, and for and in consideration of such privilege such owner or person duly authorized by power of attorney (within thirty days from the date of the demand made as required by section 20, or within twenty days from the decision on appeal, if an appeal be taken to the board of supervisors as provided in section 21) shall make and execute before an officer authorized by law to take acknowledgments of the conveyances of real property, and file in the office of the board of public works a bond in triplicate," substantially in the form therein provided. The form of the bond is a part of said section 29 and provides by its terms

that if the owner of the lot improved acknowledges the regularity and the validity of the assessment that has been imposed on his property and the amount of the assessment and promises and agrees to pay the same in installments as fixed by the resolution of intention or by the ordinance ordering the work of improvement, he shall be entitled to pay the assessment in installment payments. **[1]** This is not an unreasonable or unjust requirement. (*Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [29 A. L. R. 1098, 199 Pac. 512].) Provision is therein made for the payment of interest and it is provided that in the event of default in the payment of any installment or of any interest according to the terms of the bond, then all of such installments or principal and interest thereon shall become *immediately due and payable* and the board of public works shall sell the property described therein to pay the amount due, together with the expenses of such sale.

Section 39 of said street improvement ordinance, adopted by authority of the charter, further provides: ''This Ordinance is intended to and does provide an alternative system for making the improvements herein provided for, and shall not be held to affect any other method or system provided by the Charter of the City and County [of San Francisco] or Act of the Legislature, and any proceedings heretofore commenced shall not be affected hereby but shall be continued until completion by and under the method provided by the Charter, law or Ordinance under which they were originally commenced.''

**[2]** Appellant claims that section 29 of said ordinance is unintelligible and therefore void. That section has received the attention of this court upon numerous occasions and its effect in relation to the charter considered. (*Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225]; *McGinn* v. *Van Ness,* 40 Cal. App. 600 [181 Pac. 70, 183 Pac. 950]; *Hutton* v. *Newhouse,* 41 Cal. App. 689 [183 Pac. 276]; *Federal Const. Co.* v. *Wolfson, supra; City Improvement Co.* v. *Pearson,* 181 Cal. 640 [185 Pac. 962]; *Flinn* v. *Shafter Realty Co.,* 190 Cal. 316 [212 Pac. 194].) This is the first time that the specific objection of unintelligibility has been urged against it. While it may not be structurally or grammatically perfect, there can be no doubt as to its meaning. No difficulty, seemingly, has heretofore been experi-

enced in that respect. Read in its entirety, and in connection with other sections of the ordinance, no doubt can exist as to what was meant thereby.

The proceedings taken by the board of public works and the board of supervisors are regular in every respect. The resolution of intention passed by said board of public works on August 4, 1916, recommending the improvement and thereafter adopted by the board of supervisors, in compliance with section 28 of said ordinance, was as follows: "The said board of public works pursuant to the provisions of part II of the street improvement ordinance, does hereby determine and declare that the assessment to be imposed for the said contemplated improvements, respectively, may be paid in *five annual installments,* and that the rate of interest to be charged on all deferred payments shall be seven per cent per annum." (Italics ours.) On the twenty-fifth day of June, 1917, following the due course of procedure, the supervisors authorized the board of public works to enter into a contract for the performance of said improvement work; on April 15, 1918, the contract therefor was awarded to plaintiff herein. Appellant Hanlon did not file a written notice with the secretary of said board of public works within ten days of the first publication of the notice of award, or at any time thereafter, specifying that any previous act or proceeding relating to said improvement was irregular, defective, erroneous, or faulty. Neither did he at any time request the privilege of paying such assessment in installments or at all. He has not paid or offered to pay any part of said assessment. Under the state of the record as presented and the decisions of this court practically determining the point made by appellant against him there remains but little to be said. Section 33, article VI, chapter 2, of the charter of 1913, fully authorized the passage of the ordinance under which this proceeding is had and subdivision 3 of section 8 of the same chapter must be read in connection therewith.

Section 33 of the charter specifically provides that the general limitation placed upon the amount of the assessment by subdivision 3 of section 8 thereof shall have no application to street improvement assessments wherein provision is made for the payment of the assessment in annual installments.

[3]    To the claim that the assessment should have been made payable in installments the answer is that it was so made payable by the express language of the resolution of intention but appellant refused or failed to conform to the procedure, as prescribed pursuant to the provisions of section 29 of said ordinance, and thereby cut himself loose from the privilege which he now invokes.

[4]    The proceedings herein were commenced during the existence of the 1913 charter. The charter amendments approved January 18, 1917, did not affect the proceedings begun under the former charter. The amendments simply expressed in direct terms what it had authorized to be done by ordinance under the former charter. All ordinances existing at the time of the adoption of the charter amendments and not in conflict with or repealed thereby were continued in force. This is a general rule of statutory construction. Whether the question be determined with reference to the charter as it formerly stood or as amended we see no way by which the payment of the assessment may be avoided. [5]    Section 33 of the charter as amended is but an amplification of the old section making, if possible, more clear the evident intention disclosed by the original section. The procedure providing for the payment of a street assessment which exceeded fifty per cent of the assessed value of the property in installments having been rejected the entire amount became at once due.

Judgment affirmed.

Lawlor, J., Lennon, J., Myers, C. J., Langdon, J., *pro tem.*, Richards, J., and Shenk, J., concurred.