[Civ. No. 5804. First Appellate District, Division Two.—May 20, 1927.]

## CITY CONSTRUCTION CO., Respondent, v. CATHERINE KENNY, Appellant.

[1] STREET LAW—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE—AMOUNT OF ASSESSMENT — CHARTER PROVISION — CONSTRUCTION.— An assessment for street work done under public contract pursuant to the provisions of the San Francisco Street Improvement Ordinance of 1918, which amounts to more than fifty per cent of the value of the land, is not void under section 33, chapter 2, article VI of the San Francisco charter, as such charter provision by its terms does not apply to any assessment made payable in installments.

[2] ID. — SECTIONS 33 AND 34 OF ORDINANCE — VALIDITY OF.—In this action to foreclose a lien on defendant's property for street work done under public contract pursuant to the provisions of the San Francisco Street Improvement Ordinance defendant's contention that the provisions of sections 33 and 34 of said ordinance are invalid because contrary to the charter provisions cannot be sustained.

[3] ID.—MAILING NOTICE—JURISDICTION—SECTION 4 OF ORDINANCE.— Under section 4 of the San Francisco Street Improvement Ordinance, mailing of a notice is nonjurisdictional, and the failure to receive the same does not affect the validity of the proceedings.

[4] ID. — DESCRIPTION OF DISTRICT—RESOLUTION OF INTENTION—CONSTRUCTION OF ORDINANCE.—In such action, it was not necessary for

___

2.   See 19 Cal. Jur. 421.

the resolution of intention to describe or set out the district benefited by the work, where this was not a district assessment in whole or in part and was not made under section 5, but under subdivision 11 of section 21, of the ordinance.

[5] ID.—SPREADING OF ASSESSMENT — PROPRIETY OF MANNER OF.—In such action, the assessment was properly spread in accordance with the provisions of the ordinance, where, considering the public improvement as three units assessed against three groups of lots, no lot in any group escaped assessment for any unit chargeable to its group.

[6] ID.—FAILURE TO APPEAL TO BOARD OF SUPERVISORS—INEQUALITIES IN ASSESSMENT — WAIVER. — In such action, if there were any inequalities or injustices in the spreading of the assessment, that was a matter which defendant should have appealed to the board of supervisors under the provisions of section 27 and section 21, subdivision 11, of the ordinance, and not having done so, such inequalities, if any, will not afterward be held to invalidate the assessment.

---

(1) 44 C. J., p. 641, n. 84. (3) 44 C. J., p. 602, n. 94. (4) 44 C. J., p. 601, n. 77. (5) 44 C. J., p. 566, n. 22. (6) 44 C. J., p. 696, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan & Theo. J. Roche for Appellant.

Fabius T. Finch and Paul F. Fratessa for Respondent.

KOFORD, P. J.—This is an appeal from a judgment foreclosing a lien on defendant's property for street work done under public contract and street proceedings had and taken under the provisions of the San Francisco Street Improvement Ordinance of 1918, Ordinance No. 4720 (New Series).

[1] It is claimed that the assessment is void in that it amounts to more than fifty per cent of the value of the land

---

6. See 19 Cal. Jur. 321, 417.

as assessed for municipal purposes. (San Francisco Charter, art. VI, chap. 2, sec. 33.) This charter provision, however, by its terms does not apply to any assessment made payable in installments. Appellant states that her assessment was not made payable in installments. This we take to mean that, although the resolution of intention stated that the assessment may be paid in installments, yet because of the failure of appellant to comply with the provisions of sections 33 and 34 of the ordinance she no longer has the right to pay in installments. [2] It is claimed that these provisions of the ordinance are invalid because contrary to the charter provisions. These points have been considered by the supreme court and decided adversely to the contention of appellant. (*Fay Improvement Co.* v. *Hanlon,* 193 Cal. 709 [227 Pac. 482] ; *Eaton* v. *Hanlon,* 193 Cal. 715 [227 Pac. 484] ; *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [29 A. L. R. 1098, 199 Pac. 512].)

Something is said in appellant's brief to the effect that the city engineer had promised appellant not to assess her land for work done in the alley when she conveyed the right of way to the city. The testimony on this point is meager and equivocal. We do not understand appellant to claim that this was an issue in the case. It was not. No way is pointed out how it could be an issue in this foreclosure proceeding nor how such a promise, even if made and broken, could invalidate the assessment for the public work done.

[3] Although appellant testified that she did not receive a mailed notice, there was no evidence that none was mailed according to the ordinance. But it is expressly declared in the ordinance, section 4, that mailing is nonjurisdictional and that the failure to receive the same shall in nowise affect the validity of the proceedings.

Appellant advances two other grounds against the validity of the assessment. First, that the resolution of intention fails to set out the district benefited by the contemplated work as required by the provisions of section 5 of the ordinance. Second, that all the lots included in the assessment were not assessed for each and every part of the work done, contrary to the provisions of section 5 and also subdivision 12 of section 21, which both state how a district assessment shall be spread.

The answer to these contentions is that the proceedings resulting in this assessment were not taken under section 5, which provides for a district assessment. Neither were they taken under section 21, subdivisions 1 to 8, which provide for the front-foot method of assessment. They were taken under the provisions of subdivision 11 of section 21, which provides for several different methods, including a combination of several methods.

[4] It was not necessary for the resolution of intention to describe or set out the district benefited by the work because this was not a district assessment in whole or in part and was not made under section 5. The resolution of intention declared: "That the lots, pieces or parcels of land, contemplated to be made chargeable for the costs and expenses of the proposed work or improvement, are situated wholly or in part within the following described district."

Section 4 provides what the resolution of intention shall contain in general. Section 5 provides what it shall contain in case of a district assessment. There is no special requirement for the resolution of intention where an assessment is contemplated to be made under section 21, subdivision 11, but it is required that the notice of improvement shall state that the method of assessment will be determined and declared at the time of taking action on the resolution. This was done in this case. The resolution also complied with the general provisions of section 4. The authorities cited by appellant interpret the Vrooman Act provisions requiring the resolution to describe the district benefited. These may be germane for section 4, but not for section 21, subdivision 11.

[5] The assessment was properly spread in accordance with the provisions of the ordinance. None of the lots mentioned in the resolution of intention escaped assessment considering the entire work as one unit. Considering the public improvement as three units assessed against three groups of lots, no lot in any group escaped assessment for any unit chargeable to its group. Authorities holding proceedings invalid for not assessing certain lots at all under the Vrooman Act are therefore not in point. When subdivision 11 of section 21 is followed "then the costs and expenses of such work or improvement, or any portion thereof may be assessed and apportioned according to (assessed value)

or according to (superficial area) or partly by each or any method . . . of this ordinance.'' The resolution of the board of public works passed at the time fixed and according to the notice of improvement, exercised the power of determining the method of assessment by dividing the assessment into three parts. The main part was ordered assessed against all the lots fronting upon the street improved upon a uniform square-foot basis; the crossings against property adjacent to the same upon the front-foot basis in the manner usual for crossing work; the alley improvement work upon both sides of one-half block upon the square-foot basis. The assessment was actually spread according to the resolution and we see no irregularity in the method used. [6] If there were any inequalities or injustices in the spreading of the assessment, that was a matter which appellant should have appealed to the board of supervisors under the provisions of section 27 and section 21, subdivision 11, of the ordinance. Not having done so, such inequalities, if any, will not afterward be held to invalidate the assessment. (*Buckman* v. *Landers,* 111 Cal. 349 [43 Pac. 1125]; *Federal Construction Co.* v. *Newhouse,* 186 Cal. 284 [199 Pac. 519]; *Watkinson* v. *Vaughn,* 182 Cal. 55 [186 Pac. 753]; *McSherry* v. *Wood,* 102 Cal. 647 [36 Pac. 1010].)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1927.