[Civ. No. 8593. First Appellate District, Division One.—December 29, 1932.]

EMILY GALLAGHER, Respondent, v. WILHELMINE FOERST, Appellant.

M. James McGranaghan for Appellant.

A. Dal. Thomson for Respondent.

GEARY, J., *pro tem.*—Action by plaintiff for a decree establishing a lien for street work in the sum of $1,021.44 and interest, performed pursuant to the provisions of Ordinance No. 4720, New Series (1918), upon the property of defendant in the city and county of San Francisco, state of California. From a judgment in favor of plaintiff, defendant prosecutes this appeal.

There is no dispute about the facts; upon the trial appellant conceded respondent had proved a *prima facie* case, and stipulated that all of the allegations of the complaint were true. Appellant relies upon an affirmative defense to the complaint alleged in her answer in the following language: "That the assessment set forth in the complaint of the cause herein is invalid and void, by reason that the assessment was made payable in ten annual instalments, and that such instalment amounts to a sum greater than twenty-five per centum of the value at which said property was assessed for municipal purposes upon the assessment book of the City and County of San Francisco current at the time of the inception of the proceedings for which said assessment was made."

Appellant bases her defense to the action upon the provisions of the charter of the city and county of San Francisco (1899), sections 8 and 33 of article VI, chapter II thereof. Section 8 provides in part:

"No assessment shall be levied upon any property, which, together with all assessments for street improvements that

may have been levied upon the same property during the year next preceding, will amount to a sum greater than fifty per centum of the value at which said 'property was assessed upon the last preceding Assessment Book of the City and County.''

Section 33 as amended in 1916 (Stats. 1917, p. 1708), provides in part:

''No assessment shall be levied in pursuance of such ordinance upon any property for street work or street improvements which, together with all assessments for street work or street improvements that may have been levied upon the same property during the years next preceding the inception of the proceedings for such work or improvements, will amount to a sum greater than fifty per centum of the value at which said property was assessed for municipal purposes, exclusive of improvements thereon, upon the assessment book of the city and county current at the time of the inception of such proceedings.

''Such limitation of assessed valuation, however, shall not apply to any assessment made payable in instalments as in this section hereinbefore provided for; *but in no case shall any such instalment payment exceed in amount twenty-five per centum of such assessed valuation.*'' (Italics ours.)

It was stipulated by the parties that the assessed valuation of appellant's property is the sum of $380 and the assessment for street work for which this action was instituted amounts to the sum of one thousand twenty-one and 44/100 dollars ($1,021.44), or two hundred and seventy per centum of the assessed valuation thereof. By the limitation set forth in the paragraph of section 33 above, the annual assessment for street work or improvement was limited to the sum of ninety-five dollars ($95.00), whereas in the instant proceeding it actually amounted to the sum of one hundred two and 14/100 dollars ($102.14), or seven and 14/100 dollars ($7.14) per annum in excess of the charter limitation relied upon by appellant.

In addition to those portions of section 33 of article VI, chapter II, of the charter hereinbefore set forth, there are other provisions in seeming conflict therewith, the effect of which, respondent contends, is to remove the limitation of assessment in the proceeding under consideration. Section 33 confers upon the board of supervisors authority to pro-

vide street improvement proceedings by ordinance, independent of the procedure set up in the charter. Other material parts of the section read as follows:

"The provisions in this Article relating to and providing for street work or street improvements in the City and County and providing for the payment of the costs and expenses thereof, shall not be deemed exclusive, but the Board of Supervisors may, and it is hereby empowered so to do, pass an ordinance by a vote of at least fifteen of its members, which may from time to time be revised or amended by a like vote, providing for street work or street improvements in the City and County and for the payment of the costs and expenses thereof; and, in and by such ordinance, it may declare and designate the kinds of such work or improvements.

"Said Board is authorized and empowered to order such street work done or improvements made under such proceedings as it may in such ordinance provide, and to assess, in such manner and by such method as it may in and by such ordinance prescribe and provide. . . . By and in such ordinance said Board may provide for fully and completely exercising the powers which are hereby conferred as to such street work or street improvements and the assessment and collection of the costs and expenses thereof; *and the provisions of such ordinance shall not be governed or limited by the provisions of this Article inconsistent or in conflict therewith.* . . . " (Italics ours.) (Thereafter appears the portion of the section relied upon by appellant, hereinbefore set forth, and section 33 closes in the following language) :

"The provisions of this section shall not be construed to limit or restrict any method or system enacted by any such ordinance as herein provided for street work or street improvements in the City and County to the provisions of such ordinance so enacted, and shall not be held to exclude any other method or system provided in this Charter for such work or improvements." (As amended, 1916, Stats. 1917, pp. 1708, 1735.)

Pursuant to the authority thus granted by the two provisions of section 33 of the charter last referred to, the board of supervisors enacted Ordinance No. 4720 (New Series), known as the Street Improvement Ordinance of 1918. By section 20 of this Ordinance it was provided:

"No assessment shall be levied upon any property, which together with all assessments for street improvements that may have been levied upon the same property during the year next preceding the inception of the proceedings for such improvements, will amount to a sum greater than fifty per centum of the value at which said property was assessed for municipal purposes, exclusive of improvements thereon, upon the asssessment book of the City and County current at the time of the inception of such proceedings; except, however, as in this ordinance hereinafter provided. *Any such assessment levied in excess of such limitation shall be void only as to such excess. A failure to appeal to the Supervisors for a correction of such assessment, as in this Ordinance hereinafter provided for in the case of appeals, shall be deemed a waiver of such excess so levied.*" (Italics ours.)

The assessment levied herein is in excess of the fifty per centum limitation of the charter and ordinance provisions, and also in excess of the twenty-five per centum limitation of the charter provision relating to payment for street work in ten annual installments as is the case herein. By the language of section 33, article VI, chapter II, of the charter, was there conferred upon the board of supervisors authority to enact an ordinance whereby the provision of the charter limiting installment assessments may be in effect ignored, and the assessment rendered valid by failure of the property owner to appeal therefrom?

The conflict in the language of section 33, article VI, chapter II, is more apparent than real. Article VI, chapter I, of said charter relates primarily to the board of public works and the duties and responsibilities thereof. Chapter II of said article is entitled "Improvement of Streets", and thereafter follows a detailed procedure for street improvement under authority of the board of public works. The procedure therein outlined is complete in and of itself. Finally, bringing chapter II of said article to a close, is section 33 (as amended 1916) above mentioned and referred to. It will be observed that the words at the beginning of the section read: "The provisions of this article . . . shall not be deemed exclusive, but the Board of Supervisors may . . . " etc. This language is followed shortly by the phrase: " . . . and the provisions of such ordinance shall

not be governed or limited by the provisions of this *Article* inconsistent or in conflict therewith". Thereafter and near the end of said section is set forth the admonition: " . . . *but in no case* shall any instalment payment exceed in amount twenty-five per centum of such assessed valuation".

It is a fundamental rule of construction of charters, or statutes, that effect should be given to all the language thereof, and all provisions upon a subject are to be construed harmoniously. (*Crowe* v. *Boyle,* 184 Cal. 117, 129 [193 Pac. 111]; *Law* v. *San Francisco,* 144 Cal. 384, 389 [77 Pac. 1014]; McQuillin, Municipal Corporations, 2d ed., vol. 1, sec. 356.) Section 33 of article VI, chapter II, is plainly a grant of power authorizing the board of supervisors to provide by ordinance for other street improvement proceedings than is set forth in said *article.* The very power granted thereby is limited, however, by the provision "*but* in no case", etc. Unless this phrase is given this effect, it has no purpose in the section whatsoever. Without this phrase there is no charter limitation of assessment for street improvement and the board of supervisors may adopt an ordinance totally ignoring assessment limitations of every nature. Unless the grant of such authority plainly appears, it will not be deemed to exist for "a doubtful power is a power denied". (McQuillin, *supra,* sec. 368; *Kellar* v. *City of Los Angeles,* 179 Cal. 605, 610 [178 Pac. 505]; *Uhl* v. *Badaracco,* 199 Cal. 270 [248 Pac. 917, 921, 922].) Hence, by the terms of the charter as amended, the authority of the board of supervisors to otherwise provide for street improvement proceedings by ordinance is expressly limited so that the assessment for street improvement shall not exceed fifty per centum of the assessed valuation of the property affected by the improvement, except when the assessment is made payable in installments, and, in case of installment payments, the payment shall in no case exceed twenty-five per centum of such assessed valuation. (Italics ours.)

The assessment appealed from is void on its face, being in excess of the charter limitations applicable thereto. Nor was appellant herein required to appeal to the board of supervisors. The board of supervisors cannot acquire indirectly by ordinance a power expressly withheld by the terms of the charter. The rule declared in *City Street Im-*

*provement Co.* v. *Pearson,* 181 Cal. 640, 648 [185 Pac. 962, 966, 20 A. L. R. 1317], is applicable here:

"The charter says that an assessment for this amount shall not be made, except it be payable in annual instalments. The curative provision of the ordinance, if allowed the effect contended for, would, in effect, declare that a valid assessment for this excessive amount can be made, although payable immediately and not in instalments, provided no objection thereto is made until after the work is done. *The prohibition of the charter against such assessments would thus be evaded and defeated* . . . With respect to the curative provision here involved, we think it must be held that it was not intended to allow a disregard of the jurisdictional acts which the ordinance itself expressly declares shall be mandatory. Our conclusion is that the assessment against the property of Pearson is void." (Italics ours.)

Respondent cites several cases in support of her position, among them being *Fay Improvement Co.* v. *Hanlon,* 193 Cal. 709 [227 Pac. 482, 483]; *City Construction Co.* v. *Kenny,* 83 Cal. App. 240 [256 Pac. 601]. These cases are not in point. At the time the assessments in those cases were made section 33 of article VI, chapter II, did not contain the mandatory provision *that in no case should any assessment installment exceed twenty-five per centum of the assessed valuation of the property affected.* The section at that time merely provided that the charter limitation of fifty per centum of the assessed value should not apply where the assessments were made payable in installments. The courts held in those cases that installment payments of the assessments in question were available to the property owner if he sought the benefit thereof and that the property owner having failed to take advantage of the provision for installment payments, he would not be heard to complain that the assessment was void because it exceeded the fifty per centum limitation, and was not payable in installments. "[Appellant] cut himself loose from the privilege which he now invokes." (*Fay Improvement Co.* v. *Hanlon, supra.*) In the instant case, however, the assessment not only exceeded the fifty per centum limitation, but likewise exceeded the twenty-five per centum limitation for installment payments. Even had appellant herein filed the bond provided for by section 34, part II, of the Ordinance to secure the

benefit of installment payments, she would still have found herself confronted with an excessive assessment. Under these circumstances appellant need not have appealed to the board of supervisors for relief. The objection to the assessment is jurisdictional, and the curative provisions of section 20 are of no effect. As was further said by the Supreme Court in *City Street Improvement Co.* v. *Pearson, supra:*

"Curative provisions in a law of this character may cure any defect *that does not go to the jurisdiction of the board over the proceeding.* It has been said that they may cure any defect arising from the omission of any step in the proceeding which the legislature might have itself omitted from the law, if it be a thing not essential to due process of law, or necessary to comply with some other constitutional prerequisite. (*Ramish* v. *Hartwell,* 126 Cal. 443 [58 Pac. 920]; *Chase* v. *Trout,* 146 Cal. 359 [80 Pac. 81].) As a general proposition, this is a correct statement of the law. The difficulty with its application to the present case is that here the charter, with respect to the powers of the board of supervisors to adopt a procedure ordinance, stands in the place of a constitution; *indeed, it is more stringent, for its provisions on this subject constitute a specific grant of power and not a limitation upon powers included in a general grant.*" (Italics ours.)

The charter limitation on the authority of the supervisors concerning assessments for street improvements is not conditional. No authority exists in the charter permitting the board of supervisors to disregard those limitations providing the property owner does, or fails to do, some certain act. On the contrary, the limitation of power in this regard is definite, and mandatory. It is therein plainly declared that the assessment shall not exceed fifty per centum of the assessed value of the property except in case of installment payments, and in no case shall installment payments exceed twenty-five per centum of the assessed valuation. It is difficult to understand how the limitation of authority could be made more plain. It is a serious matter for a court to declare a street assessment void, bearing in mind the consequences which may result to the contractor and bondholders; but to uphold the assessment in the present case would be to deprive people of a power they have expressly

reserved, and bestow it, in the face of a solemn charter declaration to the contrary, upon their representatives.

In view of the mandate of the charter, the judgment is reversed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1933.