[Civ. No. 9504. First Appellate District, Division One.—June 4, 1935.]

MICHEL MARCULESCU et al., Respondents, v. THE CITY PLANNING COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Appellants.

H. O. Mundhenk for Respondents.

GRAY, J., *pro tem.*—Respondents' property in the city and county of San Francisco was, upon their application, rezoned by the City Planning Commission from a residential to a commercial classification. The board of supervisors, upon an appeal of other property owners, sustained such reclassification. Adjacent property owners then filed with the commission a petition requesting that respondents' property be rezoned to a residential classification. After a trial in proceedings initiated by respondents, the superior court issued a writ of prohibition permanently restraining the commission from hearing such petition. The commission's appeal presents the following question: Does section 117 of the charter and Ordinance No. 13.011 of San Francisco authorize a property owner to apply for a zone change of another's adjoining property?

The pertinent part of section 117 reads as follows: "The city planning commission, from time to time, shall consider and hold hearings on proposed changes in the classification of the use to which property . . . may be put . . . on the application of *an interested property owner.*

"The board of supervisors, by ordinance, shall establish procedure for action on such matters. . . . " (Italics ours.) Ordinance No. 13.011, establishing such procedure, provides that the petition for rezoning shall be signed and verified *by the owner of the property.* ■ The charter of a municipality is its constitution. (*In re Pfahler,* 150 Cal. 71, 82 [88 Pac. 270, 11 Ann. Cas. 911, 11 L. R. A. (N. S.) 1092]; *Platt v. San Francisco,* 158 Cal. 74, 84 [110 Pac. 304].) Any ordinance passed by a municipal corporation within the scope of the authority expressly conferred on it has the same force within its corporate limits as a statute passed by the legislature has throughout the state. (*Ex parte Roach,* 104 Cal. 272 [37 Pac. 1044]; *Weisman v. Board of Building & Safety Commrs.,* 85 Cal. App. 493 [259 Pac. 768].) ■ To be valid, an ordinance must harmonize with the charter. (*South Pasadena v. Terminal Ry. Co.,* 109 Cal. 315 [41 Pac. 1093].) An ordinance can no more change or limit the effect of the charter than a statute can modify or supersede a provision of the state Constitution. (McQuillin, Municipal Corpora-

tions, 2d ed., sec. 682.) The board of supervisors in establishing a procedure could not deprive a property owner of a right given by the charter. (*Rodgers* v. *Board of Public Works*, 208 Cal. 291 [281 Pac. 64]; *Gallagher* v. *Foerst*, 128 Cal. App. 466 [17 Pac. (2d) 1065].) ▇ If, as respondents contend, the phrase, "an interested property owner" had a narrow as well as a broad meaning, the action of the board in adopting the narrower meaning by the phrase in the ordinance—"the owner of the property"—is well-nigh, if not completely, controlling. (*San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273 [191 Pac. 26].) But if, as appellants argue, the charter phrase had a definite and well-settled meaning, the ordinance, in so far as it attempted to change that meaning, would be invalid. (*Flickenger* v. *Industrial Acc. Com.*, 181 Cal. 425 [184 Pac. 851, 19 A. L. R. 1150]; *Worswick etc. Co.* v. *Industrial Acc. Com.*, 181 Cal. 550 [185 Pac. 953]; *Pacific Gas & Electric Co.* v. *Industrial Acc. Com.*, 180 Cal. 497 [181 Pac. 788].)

Various sections of the Code of Civil Procedure use the adjective "interested" to qualify or limit the "person" who can exercise procedural rights therein granted. Its meaning in those instances has been repeatedly stated in uniform decisions of the appellate courts. A person is "beneficially interested" so as to be authorized to apply for a writ of review, under the restriction stated in section 1069 of said code, if the judicial action which he seeks to annul, injuriously affects his legal right. (*Harpham* v. *Board of Supervisors*, 41 Cal. App. 192 [182 Pac. 324]; *Symons* v. *San Francisco*, 115 Cal. 555 [42 Pac. 913, 47 Pac. 453]; *Damrell* v. *Board of Supervisors of San Joaquin Co.*, 40 Cal. 154; *Hildebrand* v. *Superior Court*, 173 Cal. 86 [159 Pac. 147]; *Estate of Paulsen*, 35 Cal. App. 654 [170 Pac. 855].) "The writ of mandate will not issue in a case where the plaintiff fails to show that it will subserve or protect some right or interest of his. (*North* v. *Board of Trustees*, 137 Ill. 296 [27 N. E. 54].) It will issue only 'on application of the party *beneficially* interested' (Code Civ. Proc., sec. 1086). The writ will not lie 'where it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance' (High on Extraordinary Legal Remedies, sec. 33)." (*Ellis* v. *Workman*, 144 Cal. 113, 115 [77 Pac. 822]; see, also, *Eby* v. *Trustees of Red Bank School*

*Dist.*, 87 Cal. 166 [25 Pac. 240] ; *Thoits* v. *Byxbee*, 34 Cal. App. 226 [167 Pac. 166] ; *Spurrier* v. *Neumiller*, 37 Cal. App. 683 [174 Pac. 338].) In considering the meaning of the words, "any person interested" as used in section 1327 of the same code, conferring the right on such person to contest the validity of a will, the court, in *Estate of Land,* 166 Cal. 538, 543 [137 Pac. 246], said : "It may freely be conceded that if it is made to appear that a person has such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside, he is a person interested. This would appear to be the common sense meaning of the term, and no good reason can be made to appear for giving it a broader or different meaning." The word "interested" as used in section 170 of the Code of Civil Procedure, disqualifying a judge from acting in any action in which he is interested, embraces only an interest that is direct, proximate, substantial and certain but not a remote, indirect, contingent, uncertain and shadowy, interest. (*City of Oakland* v. *Oakland Water Front Co.,* 118 Cal. 249 [50 Pac. 268] ; *Adams* v. *Minor,* 121 Cal. 372 [53 Pac. 815] ; *Higgins* v. *City of San Diego,* 126 Cal. 303 [58 Pac. 700, 59 Pac. 209].) "The interest in an action which disqualifies a judge who possesses it from trying the cause is a property or personal interest, an interest, in the event of the suit, in the judgment which may be rendered therein. It must affect him, either in person or property, directly or indirectly." (*Lassen Irr. Co.* v. *Superior Court,* 151 Cal. 357, 361 [90 Pac. 709].) "The interest mentioned in the code [sec. 387, Code Civ. Proc.] which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (*Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 Pac. 101].)

It is clear, therefore, that prior to the adoption of the charter, the word "interested", when used in various laws, had been given a uniform and definite meaning by the decisions of the appellate courts. When, at a subsequent time, the citizens of San Francisco and the legislature used this exact word in the charter, the presumption is almost irresistible that they used it in the same sense which had been placed upon it by those decisions. (*In re Nowak,* 184 Cal. 701 [195 Pac. 402].) ■ This being so, it follows that the

legislative attempt in the ordinance to change the meaning of the charter phrase was ineffectual for that purpose and that the right to apply for a zone change is only restricted, as provided by the charter, to an interested property owner. It needs no argument to show that an adjacent property owner is interested in the use to which his neighbor may legally put his property, for obviously such use must affect the value of his adjoining property, either injuriously or beneficially. The petition having been authorized by the charter, the commission did not act without or in excess of jurisdiction in proceeding to hear it and, therefore, should not have been restrained from so doing.

The judgment is reversed.

Knight, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 3, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 2, 1935.